# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In re:<br><br>INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA.,<br><br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No.: _____ |

**DECLARATION OF THE FOREIGN REPRESENTATIVE IN SUPPORT OF**
**CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING**

I, Laurence Bica Medeiros, being sworn, declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a licensed Brazilian attorney and partner and representative of Medeiros & Medeiros Administração de Falências e Empresas em Recuperação Ltda. ("Medeiros").

2.      Medeiros is the court-appointed insolvency administrator and duly authorized foreign representative of Indeal Consultoria em Mercados Digitais Ltda. ("Indeal" or the "Debtor"). An insolvency proceeding for Indeal (the "Brazilian Proceeding") is currently pending before the Business Court in the Judicial District of Novo Hamburgo, State of Rio Grande do Sul, Brazil (the "Brazilian Bankruptcy Court"), pursuant to the Brazilian Insolvency Act. Medeiros is the only authorized representative to administer the Brazilian Proceeding.

3.      Pursuant to Article 22 of the Brazilian Insolvency Law, I am subject to supervision by the Brazilian Bankruptcy Court and may be required to provide specific information or report on the progress of the proceedings and on the management of the insolvency estate. I also report to the Brazilian Bankruptcy Court and to the creditors of Indeal regarding the progress of the proceedings, the operation of the insolvency estate, and significant legal acts.

a.      My address is as follows:

1

Medeiros & Medeiros Administração de Falências e Empresas em Recuperação Ltda.,
Laurence Bica Medeiros
Av. Dr. Nilo Peçanha, 2900/701- CEP 91330-001
Chácara das Pedras, Porto Alegre/RS, Brazil

4.      For purposes of this proceeding, I respectfully request that any correspondence be

sent, in addition to the address provided above to:

Attn: Kristen E. Burgers
Hirschler Fleischer, PC
1676 International Drive, Suite 1350
Tysons, VA 22102

Attn: Gabriela Ruiz
King & Ruiz LLP
2 S. Biscayne Blvd, Suite 3200
Miami, Florida 33131

5.      In compliance with section 1515 Title 11 of the United States Code, 11 U.S.C. §§

101-1532 (as amended, the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and after consultation with my U.S. counsel,

Hirschler Fleischer, PC ("Hirschler") and King & Ruiz LLP ("King & Ruiz") (collectively, "U.S.

Counsel"), I respectfully submit this Declaration in support of the Chapter 15 petition (the

"Chapter 15 Petition" or "Petition") filed at my direction contemporaneously herewith. The

Chapter 15 Petition requests entry of an order, substantially in the form attached to the Chapter 15

Petition as **Exhibit 1** (the "Proposed Order"), recognizing the Brazilian Proceeding as a "foreign

main proceeding" pursuant to section 1517 of the Bankruptcy Code and granting certain related

relief pursuant to section 1521 of the Bankruptcy Code.

6.      I am over the age of 18 and, if called upon, could testify to all matters set forth in

this Declaration. This Declaration sets forth background of the Debtor's former business

operations and reported indebtedness, the circumstances leading to the commencement of the

Brazilian Proceeding, the relevant material developments in the Brazilian Proceeding leading to

2

the commencement of this Chapter 15 case, and the factual bases for the relief requested in the

Chapter 15 Petition. Except where otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge or learned from my review of relevant documents. Where

matters are based on information supplied to me, those matters are true to the best of my

information, knowledge, and belief. I am fluent in English and execute this Declaration without

the aid of a translation or translator.

### **Factual Background**

7.      On December 15, 2020, André Henrique Till Ferreira and João Carlos Camara

Junior filed for bankruptcy of the Debtor. A true and correct copy of the bankruptcy filing is

attached as **Exhibit A**. According to court filings, from August 2017 to May 2019, Marcos Antonio

Fagundes and other individuals solicited funds from prospective investors and held the funds in a

manner that subjected Indeal to regulation as a financial institution under Brazilian law. Fagundes

and others failed to comply with these laws. They solicited investors to give money to corporations

that Fagundes and the others controlled, in the form of Brazilian currency or cryptocurrency, which

the companies would then invest in a variety of virtual currencies. Only a small amount of the

funds was invested in cryptocurrencies and very little was returned to the investors.

8.      On December 14, 2022, the Brazilian Bankruptcy Court declared the Debtor

bankrupt with retroactive effect to September 16, 2020, and ordered the liquidation of assets. A

true and correct copy of this declaration is attached as **Exhibit B**. The Brazilian Proceeding

remains pending.

9.      On December 15, 2022, the Brazilian Bankruptcy Court appointed Medeiros as the

Judicial Administrator. A true and correct copy of the appointment is attached as **Exhibit C**.

10.    I am advised that within the meaning of Chapter 15 of the U.S. Bankruptcy Code: (i) my firm is the "foreign representative" of the Debtor; (ii) the Debtor's center of main interest has at all relevant times been in the State of Rio Grande do Sul, Brazil; and (iii) the Brazilian Proceeding is a collective "Foreign Main Proceeding."

11.    Indeal was incorporated on June 24, 2011, in Brazil. At the time, Indeal was controlled by five shareholders, namely: Marcos Antonio Fagundes, Tassia Fernanda da Paz, Regis Lippert Fernandes, Angelo Ventura da Silva and Francisco Daniel Lima de Freitas.

12.    The Judicial Administrator is unaware of any evidence that the Debtor conducted the administration of its affairs other than from Brazil or that it had any establishment or place of business outside of Brazil.

13.    With a portfolio of more than twenty thousand clients, Indeal operated with no authorization from the Brazilian authorities in the securities market, offering returns of around 15% per month "through the administration and management of cryptocurrencies."

14.    In and around 2019, Indeal became the subject of an investigation by the Brazilian Federal Police known as "Operation Egypto."

15.    Operation Egypto uncovered that Indeal operated a ponzi scheme. Specifically, the individuals who controlled Indeal used investors' funds to pay returns or cover previous investments, until the business collapsed.



20.    On November 4, 2020, the United States Department of Justice ("DOJ") announced that it had seized virtual currency worth an estimated $24 million on behalf of the Brazilian government, relating to Operation Egypt.  (**Exhibit D**). As set out in DOJ's press release:

> The seizure order was obtained pursuant to an official request from the government of Brazil, made under the Treaty between the United States of America and the Federative Republic of Brazil on Mutual Legal Assistance in Criminal Matters, for assistance in connection with a large cryptocurrency fraud scheme in a Brazilian federal police investigation called "Operation Egypt." Brazilian authorities estimate that more than $200 million was obtained through this scheme through which more than tens of thousands of Brazilians may have been defrauded…. The U.S. seizures were tied to Brazilian Marcos Antonio Fagundes' alleged role in the scheme.
>
> …
>
> In execution of the Brazilian request for assistance, an application to enforce the Brazilian seizure order was filed in the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 2467, seeking to seize the virtual currency belonging to or controlled by Fagundes located in the United States. U.S. District Judge Trevor N. McFadden granted the U.S. government's application and issued seizure orders directing the seizure of the virtual currency.



24.     In view of this request, on March 18, 2024, the Judicial Administrator issued a collection notice to the former partners of Indeal, including the 3,537.21068616 bitcoins seized in the United States of America. A true and correct copy of that collection notice is attached as **Exhibit G**.

### Filing of Chapter 15 Petition and Bases for Recognition of Brazilian Proceeding and Relief Requested

25.     As the Judicial Administrator for Indeal in Brazil, I have the authority to investigate Indeal's affairs for the purpose of recovering assets for the benefit of creditors and pursuing any available causes of action.

26.     U.S. Counsel has advised me that the Bankruptcy Code defines (i) a "foreign proceeding" as a collective judicial or administrative proceeding relating to insolvency or adjustment of debt, pending in a foreign country, under the supervision of a foreign court and for the purpose of reorganizing or liquidating the assets and affairs of the debtor, and (ii) a "foreign court" as a judicial authority competent to control or supervise a foreign proceeding.

27.     I seek Chapter 15 recognition to, among other things, recover Indeal's assets, as well as to secure other documentary and testimonial evidence in furtherance of my investigative efforts.

28.     The Brazilian Proceeding fits squarely within my understanding of the Bankruptcy Code's definition of a "foreign proceeding."

29.     *First*, the Brazilian Proceeding is a "proceeding" in that it is an insolvency proceeding initiated under the Brazilian Insolvency Law.

30.     *Second*¸ the Brazilian Proceeding is "judicial" because it is: (a) a proceeding that the Brazilian Bankruptcy Court issued by entering the Commencement Order; and (b) a proceeding that the Brazilian Court is required to oversee and supervise pursuant Section 76 of the Brazilian Insolvency Law.

31.     *Third*, the Brazilian Proceeding is "collective in nature," as the claims of all creditors will be addressed and resolved in a fair and neutral manner. Articles 75 of the Brazilian Insolvency Law provides:

*Art. 75. The bankruptcy, by promoting the removal of the debtor from his activities, aims to: I - preserve and optimize the productive use of the company's goods, assets and productive resources, including intangible ones; II - allow the rapid liquidation of unviable companies, with a view to the efficient reallocation of resources in the economy; and III - foster entrepreneurship, including by enabling the rapid return of the bankrupt entrepreneur to economic activity.*

Articles 76 of the Brazilian Insolvency Law provides:

*Article 76. The bankruptcy court is indivisible and competent to hear all actions regarding the assets, interests and business of the bankrupt, except for labor, tax and other cases not regulated by this Law in which the bankrupt appears as an active plaintiff or joint litigant.*

32.     *Fourth*, the Brazilian Proceeding is pending in Brazil.

33.     *Fifth*, the Brazilian Proceeding is "authorized or conducted under a law related to insolvency," because it is governed by the Brazilian Insolvency Law, which specifies the proceedings for liquidation of a debtor's assets if a debtor is insolvent.

34.     *Sixth*, the Brazilian Proceeding is "subject to the control or supervision of a foreign court" because Petitioner is subject to the supervision of the Brazilian Bankruptcy Court pursuant to Article 76 of the Brazilian Insolvency Law.

35.     *Seventh*, the objective of the Brazilian Proceeding, as described above, is collective satisfaction of a debtor's creditors by liquidation of the debtor's assets.

36.     U.S. Counsel have also advised me that, to be entitled to recognition as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code, it must be shown that the foreign proceeding is pending in the jurisdiction where the debtor has its center of main interests ("COMI").

37.     Indeal's COMI is in Brazil. At all the times since it was founded on June 24, 2011, Indeal has been incorporated and registered in Novo Hamburgo, in the State of Rio Grande do Sul, Brazil. Around 2018 and 2019, Indeal was formally transferred to São Paulo, which led creditors to file the Bankruptcy before the 2nd Bankruptcy Court of São Paulo, in the State of São Paulo. However, the Estate Panel Court of São Paulo ruled that Novo Hamburgo was Indeal's COMI, leading the proceeding to be transferred to the Brazilian Bankruptcy Court. This order became final on June 24, 2022.

38.     The prospectuses for Indeal were created only for investors in the Brazilian market.

39.     Indeal has no place of business in the United States. Upon information and belief, as of the date hereof, Indeal has no employees or operations in the United States.

40.     I am not aware of any litigation pending in the United States in which Indeal is a party. Other than the Brazilian Proceeding referenced herein, I am not aware of any other foreign proceedings, as defined in 11 U.S.C. § 101(23), with respect to the Debtor.

41.     U.S. Counsel informed me that section 1515(b) of the Bankruptcy Code requires that a petition for recognition of a foreign proceeding be accompanied by a certified copy of the decision commencing such proceeding and appointing the foreign representative (and an English translation thereof). As noted above, by the Commencement Order, the Brazilian Bankruptcy Court granted the petition commencing the Brazilian Proceeding for Indeal under Brazilian Insolvency Law. A true and correct copy of the original Commencement Order (in Portuguese) as well as a certified English translation thereof are attached hereto as **Exhibit B**.

42.     Although I reserve the right to do so, currently I am not seeking any provisional relief under section 1519 of the Bankruptcy Code.

43.     After consultation with U.S. Counsel, in addition to the relief that will arise automatically upon recognition of the Brazilian Proceeding as a foreign main proceeding, I have decided to request certain additional discretionary relief available under Chapter 15 of the Bankruptcy Code. For the following reasons, I believe such relief is warranted and appropriate under the circumstances.

44.     By the Chapter 15 Petition, I have requested authorization from the Court to examine witnesses and take evidence and information concerning the Debtor's assets, affairs, rights, obligations or liabilities pursuant to section 1521(a)(4) of the Bankruptcy Code. In fulfilling my duties as insolvency administrator in the Brazilian Proceeding, I am undertaking an

9

investigation regarding the assets of former Indeal partners, including the *bitcoins* seized by DOJ. The purpose of the investigation is to identify and locate assets that should be collected and distributed to the Indeal's creditors in the Brazilian Proceeding and to identify claims and causes of action relating to funds improperly transferred that may also be a source of recovery for Indeal's creditors. The investigation has expanded beyond the borders of Brazil, and pursuing discovery in the United States is an important aspect of the Investigation. I seek information from parties located in the United States to assist with the investigation, the pursuit of claims, and the identification and realization of assets for the benefit of the Debtor and its creditors. Such discovery will likely include information to assist me with identifying individuals and entities that may diverted assets belonging to Indeal.

45.     By the Chapter 15 Petition, I also have requested that the Court entrust me with the administration, realization, and distribution of all the Debtor's assets within the territorial jurisdiction of the United States pursuant to sections 1521(a)(5) and 1521(b) of the Bankruptcy Code. In my capacity as insolvency administrator of the Brazilian Proceeding, I am charged with liquidating the Debtor's assets and distributing the proceeds thereof in accordance with Brazilian Insolvency Law and under the supervision of the Brazilian Bankruptcy Court. I consider fulfilling these duties with respect to assets identified and collected in the territorial United States to be germane to my appointment as insolvency administrator and foreign representative of the Brazilian Proceeding. Among other benefits, such relief would avoid the administrative cost and delay attendant to requesting similar relief in a piece-meal fashion for every asset subject to the Brazilian Proceeding that I identify as being located within the United States. Of course, I will comply with any notice or reporting requirements that the Court may deem necessary or appropriate.

46.     U.S. Counsel informed me that, before granting additional relief pursuant to section 1521 of the Bankruptcy Code, the Court must be satisfied that the interests of creditors and other interested entities, including the Debtor, are sufficiently protected. I believe the additional relief requested in the Chapter 15 Petition satisfies this requirement because, among other reasons, the Debtor's creditors are "sufficiently protected" by the treatment afforded to them in the Brazilian Proceeding under Brazilian Insolvency Law. U.S. claimants (if any) are not being subjected to undue inconvenience or prejudice because, among other reasons, Brazilian Insolvency Law does not create any additional burdens for foreign creditors to file a claim and confers upon them the same status and rights as creditors in Brazil. Moreover, the distribution scheme in liquidation prescribed under Brazilian Insolvency Law is substantially in accordance with the distribution scheme under the Bankruptcy Code, as Brazilian Insolvency Law, inter alia, (a) grants priority to certain administrative claims, (b) grants secured claims priority over unsecured claims and (c) treats unsecured claims on an equal, *pari passu* basis. Accordingly, creditors will receive distributions in the Brazilian Proceeding in a manner that is materially consistent with those they would have received under U.S. law.

47.     I am informed by U.S. Counsel that discretionary relief under Chapter 15 of the Bankruptcy Code should be consistent with the statutory purposes of Chapter 15 and further international cooperation between U.S. and foreign courts. I believe granting the relief requested by the Chapter 15 Petition is consistent with these goals. By recognizing the Brazilian Proceeding as a "foreign main proceeding" and enjoining creditors from commencing or continuing actions against the Debtor or its assets in the United States, the Court would be fostering cooperation between courts in Brazil and the United States and ensuring that the fair and efficient administration of the Debtor's assets in the Brazilian Proceeding cannot be disrupted by creditors

11

or other parties in interest outside of Brazil. Moreover, by empowering me to employ the means of investigation and discovery available under United States law and procedure, this Court would be protecting and maximizing the value of U.S. assets belonging to or taken from the Debtor and promoting legal certainty by ensuring that I collect and administer those assets in accordance with Brazilian Insolvency Law.

48.    U.S. Counsel informed me that the Court may deny any of the relief requested by the Chapter 15 Petition if it determines that granting such relief would be manifestly contrary to the public policy of the United States. U.S. Counsel also informed me that this analysis, in part, turns on whether creditors and other parties in interest are provided rights in the foreign proceeding that comport with notions of due process under United States law. To assist in this analysis, I wish to inform the Court that pursuant to Brazilian Insolvency Law, creditors and other parties in interest have the right to participate and be heard in the Brazilian Proceeding, consistent with concepts of due process under United States law and jurisprudence as I understand them. In sum, the relief I have requested by the Chapter 15 Petition would effectively extend this liquidation process into the United States, ensuring that assets belonging to or taken from the Debtor located within the territorial U.S. do not escape the reach of the Brazilian Proceeding and empowering me to employ the means of investigation and discovery that are afforded as of right to trustees in plenary U.S. bankruptcy cases. Based on my discussions with U.S. Counsel, I do not believe that such relief is contrary to United States law or public policy.

I declare under penalty and perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this 25 day of April, 2025, in Sao Paulo, Brazil

By:

_____

Laurence Bica Medeiros

# EXHIBIT A



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021                                      CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                        INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.167.65        Livro nº CLXVII                    fls. 490

I, the undersigned, in my capacity as sworn translator in São Paulo, State of São Paulo, Brazil, have duly translated into English the following document written in Portuguese "*PEDIDO DE FALÊNCIA*", which bears my seal and signature.

[*Document presented in letterhead paper of André Carneiro Sbrissa Advocacia Empresarial e Tributária*]

[*Document presented in pages numbered from 1 to 6*]

[*Document presents the following information on the side: This document is a copy of the original, digitally signed by ANDRE CARNEIRO SBRISSA and the Court of Justice of the State of São Paulo, filed on 12/16/2020 at 2:52 p.m., under the number 1122190412020826010. To verify the original document, access https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, insert the proceeding number 1122190-41.2020.8.26.0100 and the code A36C3A3.*]

**HONORABLE JUDGE OF THE ___ st/nd/rd/th BANKRUPTCY COURT OF SÃO PAULO**

**ANDRÉ HENRIQUE TILL FERREIRA**, Brazilian citizen, married, merchant, enrolled with CPF/MF under No. 435.888.400-87, resident and domiciled in the city of Hamburgo/RS, at Avenida Victor Hugo Kunz, nº 2565, **JOÃO CARLOS CAMARA JUNIOR**, single, business owner, enrolled with CPF/MF under No. 000.414.650-67, holder of identity card RG No. 1067039568 SSP/PC RS, resident and domiciled in the city of Campo Bom/RS, at Rua Pio XII, nº 3682, Bairro Barrinha, herein through his undersigned attorney, e-mail andre.sbrissa@bbsadvocacia.com.br, respectfully come before Your Honor, pursuant to Article 94 of Law 11,101/2005, to present this

### BANKRUPTCY PETITION

of the company **INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA.,** enrolled with CNPJ under No. 13.871.035/0001-48, with head office in the city of São Paulo, at Avenida Paulista, nº 807 - Sala 516/517, Bela, by the reasons in fact and in law explained below:

**I - PRELIMINARILY. FREE LEGAL AID. DEFERRAL OF COSTS**

Initially, as a result of the non-payment of the concerned instrument, the petitioning company currently has no conditions to bear the initial costs, so that it requests granting the benefits of free legal aid and/or deferral of the procedural costs.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.



IEDA MARIA MONTEIRO
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021                                        CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                          INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.167.65          Livro nº CLXVII                    fls. 491

Superior Court of Justice (STJ). Precedent 481. The legal entity, whether for profit or not-for-profit, that demonstrates to be unable to bear the procedural costs is entitled to free legal aid.

With respect to the deferral of costs in bankruptcy proceedings:

"The requirement of advance of expenses that, in general, are to be borne by the bankruptcy estate, has no legal support, so much so that article 208 of Decree-law 7,661/45 expressly states that bankruptcy and reorganization proceedings cannot be interrupted due to lack of preparation". (STJ Special Appeal 399.877 justice Aldir Passarinho.)

Further:

INTERLOCUTORY APPEAL - CONTRACT REVIEW - REQUEST OF FREE LEGAL AID OR DEFERRAL OF PROCEDURAL COSTS AT THE END OF THE PROCEEDING - POSSIBILITY OF DEFERRAL - APPEAL PARTIALLY GRANTED. The solution for the case is not granting the benefit that is claimed by the appellant, but the recognition in its favor, given its proven and temporary situation of distress, of the option to pay the procedural costs and expenses at the end of the proceeding.
(Court of Justice of São Paulo (TJSP) - Interlocutory Appeal AG 990102625125 SP (TJ-SP)

This is necessary, as the parties have no conditions to bear the procedural costs, and many creditors have sold all their assets to "invest in Indeal".

Furthermore, the costs must in fact be borne by the bankruptcy estate, as follows:

"Pursuant to Decree-Law 7,661/45, the court costs of the bankruptcy proceeding, of its incidents, and of the actions in which the Bankruptcy Estate is the losing party, are charges to the Bankruptcy Estate (article 124, § 12, item I), that is, are obligations to be performed even before the claims admitted to the bankruptcy proceeding."
Civil appeal from final judgment AC 472188 SC 2008.047218-8 (TJ-SC)

Therefore, it requests free legal aid to the creditors or, if this is not granted, the deferral of the costs.

## II - THE FACTS

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.65          Livro nº CLXVII                          fls. 492

The petitioners André Henrique Till Ferreira, Carlos Augusto Wilhelms and João Carlos Camara Junior, as per the attachment hereto, have entered into with Indeal the "Agreement for provision of management services of purchase and sale of crypto assets", which consisted of an investment for acquisition of digital currencies, as a promise to return the amounts with monthly interests.

André Henrique Till Ferreira's agreement was in the amount of one hundred thousand reais (BRL 100,000.00)
João Carlos Camara Junior's agreement was in the amount of forty-four thousand, fifty-one reais and twenty-five cents (BRL 44,051.25)

The issue is that by occasion of the Federal Police Operation called "Egyto", all assets of the company Indeal were frozen, and the members were detained, there being no amounts left to pay the obligations assumed.

The assets were seized and frozen in the criminal proceeding, including a digital currency account.

Thus, the bankrupt status of the company is characterized, and there is no alternative but to claim the order of bankruptcy so that the assets frozen in the Egyto operation of the Federal Police be made available to the bankruptcy proceeding to settle the financial commitments assumed with its clients.

**III - THE MERIT**

Pursuant to article 94, III, of Law No. 11,101/2005, the debtor who, by fraudulent means fails to pay debts, carries out simulated business to delay/defraud creditors, does not have free assets sufficient to pay its debts, and most of all, is absent without leaving representatives with funds to pay the debts, is considered as bankrupt.

> Article 94. Bankruptcy shall be adjudicated of the debtor who:
> III - practices any of the following acts, except if they are part of the reorganization plan:
> a) proceeds with the early settlement of their its assets or uses detrimental or fraudulent means to make payments;
> b) carries out or, by unquestionable acts, tries to carry out, with the purpose of delaying payments or defrauding creditors, a simulated business or disposal of any part of or all its assets to third parties, whether creditors or not;
>
> e) provides or reinforces guarantees to a creditor for a debt previously contracted, without being in possession of free and clear assets sufficient to settle its liabilities;

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021                                         CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                          INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.167.65          Livro nº CLXVII                    fls. 493

      f) is absent without leaving a qualified representative with funds sufficient to pay the creditors, abandons the establishment or attempts to be absent from its domicile, the place of its head office or principal place of business;

In case the defendant intends, within the term to oppose, deposit the amount corresponding to the asserted claim, to defeat the bankruptcy petition (sole paragraph of article 98 of the Bankruptcy Law), we request the inclusion of monetary adjustment, default interests from the maturity date, in addition to procedural costs, expenses with protests and attorneys' fees (Precedent No. 29 of STJ).

      Article 98. Upon being served with summons, the debtor may present an answer within ten (10) days.
      Sole paragraph. In petitions based on items I and II of the head provision of Article 94 of this Law, the debtor may, within the term for answer, deposit the amount corresponding to the total claim, plus monetary adjustment, interests and attorneys' fees, event in which the bankruptcy will not be adjudicated, and if the bankruptcy petition is granted, the court shall order the withdrawal of the amount by the plaintiff.

Likewise, it requests, after expiry of the term to oppose, the proceeding to continue with order of bankruptcy of the defendant by judgment (article 99 of the Bankruptcy Law) and the taking of all actions provided for in said law.

## IV - PRELIMINARY INJUNCTION

As verified in the records of the attached criminal proceeding, there has been sequestration of assets, seizure of amounts in cash, jewelry, and freezing of amounts in a checking account, in addition to the freezing of real property of Indeal and its members.

In this regard:

      3. In this case, because the real property has already been bought at an auction, with the issuance of the letter of request for the buyer to take possession of the property, the best recommendation is for the bankruptcy court to decide on the allocation of the amounts collected with the judicial sale of the property, in order to respect the order of preference established in articles 83 to 86 of Law No. 11,101/2005.

      (Internal Appeal in the Motion for Clarification in the Motion for Clarification in the Conflict of Jurisdiction 1509992/DF INTERNAL APPEAL IN THE MOTION FOR CLARIFICATION IN THE MOTION FOR CLARIFICATION IN THE CONFLICT OF JURISDICTION

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.65        Livro nº CLXVII                          fls. 494

2017/0035637-0)

This is important, as per the articles published, in the proceeding involving TelexFree, the courts ordered the "forfeiture of assets in favor of the Federal Government", and if the seized amounts and property are not made available to the bankruptcy court for discharge of the claims, a decision may be rendered in this regard.

Given the foregoing, the preliminary injunction is requested, so that the Federal Police and the Federal Courts of Porto Alegre/RS make the frozen amounts and property available to this court.

## V - EVIDENCE

In addition to the evidence already produced, the issuance of an official letter to the federal police is requested so that they enter in the records the investigation that resulted in the search and seizure of the property of the company Indeal Consultoria em Mercados Digitais Ltda, as well as the full list of seized assets.

The production of testimonial evidence is also requested, through the testimony of the officers of Indeal.

## VI - THE CLAIMS

Given all the foregoing, the petitioner requests that:

1) The benefit of free legal aid be granted, under precedent 481 of the STJ and, if this is not granted, the deferral of procedural costs be granted, and if this is not granted, that the procedural costs be reduced and authorized to be paid in installments.

2) The preliminary injunction be granted, in relation to the freezing of the companies' assets, including with respect to the assets seized during the criminal proceeding, so that they be made available to this court for payment to the creditors, upon issuance of an official letter to the Criminal Court of the Federal Courts of Porto Alegre.

3) Summons be served upon the defendant, under article 98 of the Bankruptcy Law, to one of its legal representatives, to present an answer within ten (10) days, following up with this proceeding until a financial decision and order of the bankruptcy requested herein.

The amount in dispute is set in one hundred and forty-four thousand, fifty-one reais and twenty-five cents (BRL 144,051.25).

São Paulo, December 15, 2020

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº  2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.65        Livro nº CLXVII                         fls. 495

André Carneiro Sbrissa
OAB/SP 276.262

Further naught, I certify that the preceding is true, faithful and unabridged rendering into English of the original in Portuguese version. In witness whereof, I set my hand and seal in São Paulo, SP, Federative Republic of Brazil, this March 21, 2025.

São Paulo, March 21, 2025.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.

fls. 1

**ANDRÉ CARNEIRO SBRISSA**
ADVOCACIA EMPRESARIAL E TRIBUTÁRIA

**EXCELENTISSIMO SENHOR DOUTOR JUIZ DE DIREITO DA __ VARA DE FALENCIA DE SÃO PAULO**

**ANDRÉ HENRIQUE TILL FERREIRA,** brasileiro, casado, comerciante, inscrito no CPF/MF sob o nº 435.888.400-87, residente e domiciliado na cidade de Novo Hamburgo/RS, na Avenida Victor Hugo Kunz, nº 2565, **JOÃO CARLOS CAMARA JUNIOR,** Solteiro, Empresário, inscrito no CPF/MF sob o nº 000.414.650-67, portador da cédula de identidade RG nº 1067039568 SSP/PC RS, residente e domiciliado na cidade de Campo Bom/RS, na rua Pio XII, nº 3682, Bairro Barrinha, neste ato por seu advogado abaixo assinado, e-mail andre.sbrissa@bbsadvocacia.com.br, vem com o devido respeito a presença de Vossa Excelência, nos termos do §1º do Art. 94 da Lei 11.101/2005, requerer, o processamento do presente

*PEDIDO DE FALÊNCIA*

da empresa **INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA**., inscrita no CNPJ sob o nº 13.871.035/0001-48, com sede na cidade de São Paulo, na Avenida Paulista, nº 807 – Sala 516/517, Bela, pelas razões de fato e de direto que passa a expor:

**I – PRELIMINARMENTE. DA GRATUIDADE PROCESSUAL. DO DIFERIMENTO DE CUSTAS**

Inicialmente, em decorrência do não pagamento dos títulos em questão, a empresa requerente momentaneamente não tem condições de arcar com as custas iniciais, de maneira que requer-se seja concedido os benefícios da justiça gratuita e/ou diferimento de custas processuais.

> STJ. Súmula 481. Faz jus ao benefício da justiça gratuita a pessoa jurídica com ou sem fins lucrativos que demonstrar sua impossibilidade de arcar com os encargos processuais.

Rua Dr. Custódio Pinto Sampaio Neto, nº 222 – Jardim Corazza - Itu/SP
Rua Riachuelo, nº 14 – sala 41 – Bairro Sé, São Paulo/SP, Cep.: 01007-901
Av. Pres. Vargas, 309, 9º andar – sala 1 Centro, Rio de Janeiro - RJ, Cep.:20040-010

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.

Este documento é cópia do original, assinado digitalmente por ANDRE CARNEIRO SBRISSA, e Tribunal de Justica do Estado de Sao Paulo, protocolado em 16/12/2020 as 14:52 , sob o número 112219041202020826010. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1122190-41.2020.8.26.0100 e código A36C3A3.

fls. 2

# ANDRÉ CARNEIRO SBRISSA
## ADVOCACIA EMPRESARIAL E TRIBUTÁRIA

Em relação ao diferimento de custas em processo de falência:

> "A exigência da antecipação de despesas que, em rigor, são da massa falida, não tem apoio legal, tanto mais que o artigo 208 do Decreto-lei 7.661/45 reza expressamente que os processos de falência e de concordata preventiva não podem parar por falta de preparo". (STJ Resp 399.877ministro Aldir Passarinho.)

E ainda:

> AGRAVO DE INSTRUMENTO - REVISÃO CONTRATUAL - PEDIDO DE ASSISTÊNCIA JUDICIÁRIA GRATUITA
> OU DIFERIMENTO DAS CUSTAS E DESPESAS PROCESSUAIS AO FINAL DO PROCESSO - POSSIBILIDADE DE DIFERIMENTO - RECURSO PARCIALMENTE PROVIDO. A solução para o caso não é a concessão do benefício a que aspira a agravante, mas, sim o reconhecimento, em seu prol, diante de sua comprovada e passageira situação de miserabilidade, da faculdade do recolhimento das custas e despesas processuais ao final do processo.
> (TJ-SP - Agravo de Instrumento AG 990102625125 SP (TJ-SP)

Necessário pois, as partes não tem condições de arcar com as custas processuais, sendo que muitos credores venderam todos seus bens para "investir na Indeal".

Ademais, é fato que as custas devem ser arcadas pela massa falida, veja-se:

> "Sob o regime do Decreto-Lei 7.661 /45, as custas judiciais do processo de falência, dos seus incidentes e das ações em que a Massa for vencida constituem encargos da Massa (art. 124, § 1º, inc. I), ou seja, são obrigações a ser satisfeitas antes mesmo dos créditos admitidos no processo de quebra."
> Apelação Cível AC 472188 SC 2008.047218-8 (TJ-SC)

Portanto, requer a gratuidade processual para os credores e, caso não seja este o entendimento, requer o diferimento das custas.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.

Este documento é cópia do original, assinado digitalmente por ANDRE CARNEIRO SBRISSA e Tribunal de Justica do Estado de Sao Paulo, protocolado em 16/12/2020 às 14:52 , sob o número 112219041202082601001.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1122190-41.2020.8.26.0100 e código A36C3A3.

**ANDRÉ CARNEIRO SBRISSA**
ADVOCACIA EMPRESARIAL E TRIBUTÁRIA

## II – DOS FATOS

Os requerentes André Henrique Till Ferreira, Carlos Augusto Wilhelms, João Carlos Camara Junior, conforme em anexo, firmaram com a Indeal "Contrato de prestação de serviços de gerenciamento de compra e venda de ativos criptográficos, que consistia em investimento para aquisição de moedas digitais, como promessa de restituição dos valores com juros mensais.

André Henrique Till Ferreira, contrato valor R$ 100.000,00 (cem mil reais)
João Carlos Camara Junior, contrato valor R$ 44.051,25 (quarenta e quatro mil e cinquenta e um reais e vinte e cinco centavos)

Acontece que, por ocasião da Operação da Policia Federal denominada "Egyto", todos os bens da empresa Indeal foram bloqueados, sendo os sócios detidos, não restando valores para pagamentos dos compromissos assumidos.

Os bens foram apreendidos e bloqueados no processo criminal, inclusive conta de moeda digital.

Portanto, resta configurado o estado de falência da empresa, não restando alternativa senão requerer a declaração de falência, para que os bens bloqueados na ação egyto da policia federal, sejam disponibilizados no processo de falência para quitação dos compromissos financeiros assumidos com seus clientes.

## III – DO MÉRITO

Nos termos do art. 94, III, da Lei n.º 11.101/2005, considera-se falido o devedor que, por meio fraudulento não procede liquidação dos débitos, realiza negócios simulados para retardar/fraudar credores, não possuem bens livres suficientes para saldar seus débitos e, principalmente, se ausenta sem deixar representantes com recursos para pagamento dos débitos .

> Art. 94. Será decretada a falência do devedor que:
> III – pratica qualquer dos seguintes atos, exceto se fizer parte de plano de recuperação judicial:
> a) procede à liquidação precipitada de seus ativos ou lança mão de meio ruinoso ou fraudulento para realizar pagamentos;
> b) realiza ou, por atos inequívocos, tenta realizar, com o objetivo de retardar pagamentos ou fraudar credores, negócio simulado ou alienação de parte ou da totalidade de seu ativo a terceiro, credor ou não;

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.

Este documento é cópia do original, assinado digitalmente por ANDRE CARNEIRO SBRISSA e Tribunal de Justica do Estado de Sao Paulo, protocolado em 16/12/2020 às 14:52 , sob o número 11221904120208260100.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1122190-41.2020.8.26.0100 e código A36C3A3.

# ANDRÉ CARNEIRO SBRISSA
## ADVOCACIA EMPRESARIAL E TRIBUTÁRIA

e) dá ou reforça garantia a credor por dívida contraída anteriormente sem ficar com bens livres e desembaraçados suficientes para saldar seu passivo;

f) ausenta-se sem deixar representante habilitado e com recursos suficientes para pagar os credores, abandona estabelecimento ou tenta ocultar-se de seu domicílio, do local de sua sede ou de seu principal estabelecimento;

No caso de a ré pretender no prazo de contestação depositar a quantia correspondente ao crédito reclamado, para elidir o pedido de falência (parágrafo único do art. 98 da Lei de Falência), fica requerida a inclusão de correção monetária, juros de mora desde o vencimento, além das custas processuais, despesas com os protestos e honorários advocatícios (Súmula n.º 29 do STJ).

Art. 98. Citado, o devedor poderá apresentar contestação no prazo de 10 (dez) dias.

Parágrafo único. Nos pedidos baseados nos incisos I e II do caput do art. 94 desta Lei, o devedor poderá, no prazo da contestação, depositar o valor correspondente ao total do crédito, acrescido de correção monetária, juros e honorários advocatícios, hipótese em que a falência não será decretada e, caso julgado procedente o pedido de falência, o juiz ordenará o levantamento do valor pelo autor.

Requer, outrossim, após o decurso do prazo para defesa, que seja dado prosseguimento ao feito, com o decreto da falência da ré por sentença (art. 99 da Lei de Falência), e a tomada de todas as providências previstas na mencionada legislação.

## IV – DA TUTELA ANTECIPADA

Conforme verifica-se nos autos do processo criminal em anexo, houve sequestro bens, apreensão de valores em espécie, joias e bloqueio de valores em conta corrente, além do bloqueio de bens imóveis da empresa Indeal e seus sócios.

Neste sentido:

3. No caso, porque inclusive o bem imóvel já foi arrematado, com a expedição de carta precatória para imissão na posse do bem pelo arrematante, a melhor das razões recomenda que fique a cargo do juízo da falência decidir sobre o destino dos valores arrecadados com a hasta do bem, visando respeitar a ordem de preferência estabelecida nos arts. 83 a 86 da Lei nº 11.101/2005.

Rua Dr. Custódio Pinto Sampaio Neto, nº 222 – Jardim Corazza - Itu/SP
Rua Riachuelo, 44 - sala 41 - Bairro Sé, São Paulo/SP, Cep.: 01007-901
Av. Pres. Vargas, 309 9º andar - sala – Centro, Rio de Janeiro - RJ, Cep: 20040-010

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.

Este documento é cópia do original, assinado digitalmente por ANDRE CARNEIRO SBRISSA, e Tribunal de Justica do Estado de Sao Paulo, protocolado em 16/12/2020 as 14:52 , sob o número 1122190412020826010 0. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1122190-41.2020.8.26.0100 e código A36C3A3.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.

# ANDRÉ CARNEIRO SBRISSA
## ADVOCACIA EMPRESARIAL E TRIBUTÁRIA

(AgInt nos EDcl nos EDcl no CC 150992 / DF AGRAVO INTERNO NOS EMBARGOS DE DECLARAÇÃO NOS EMBARGOS DE DECLARAÇÃO NO CONFLITO DE COMPETÊNCIA 2017/0035637-0)

Importante pois, conforme matérias veiculadas, no processo envolvendo a TelexFree, a justiça decidiu pelo "perdimento de bens em favor da União", e, caso os valores apreendidos e bens não sejam disponibilizados ao juízo da falência para quitação dos credores, poderá haver decisão no mesmo sentido.

Diante do exposto, requer seja deferida a tutela antecipada, para que a Policia Federal e a Justiça federal de Porto Alegre/RS, coloque a disposição deste juízo os valores e bens bloqueados.

## V – DAS PROVAS

Além da provas já produzidas, requer desde já a expedição de oficio para policia federal para que traga aos autos o inquérito que resultou na busca e apreensão dos bens da empresa Indeal Consultoria em Mercados Digitais Ltda, bem como relação completa dos bens apreendidos.

Requer também a produção de prova testemunhal, através da oitiva dos diretores da Indeal.

## VI – DOS PEDIDOS

Diante de todo o exposto, requer:

1) Seja concedido os benefícios da justiça gratuita, nos termos da sumula 481 do STJ e, caso não seja o entendimento, seja concedido o diferimento das custas processuais e, caso não seja esse o entendimento, requer seja reduzida as custas processuais, bem como parcelado.

2) Seja deferida a tutela antecipada, de bloqueio de bens e ativos das empresas, inclusive quanto aos bens apreendidos no curso do processo criminal, para que seja colocado a disposição deste juízo para pagamento dos credores, expedindo oficio ao Juízo Criminal da Justiça Federal de Porto Alegre.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 41BC-9BF6-2DAD-5FB5.

Este documento é cópia do original, assinado digitalmente por ANDRE CARNEIRO SBRISSA e Tribunal de Justica do Estado de Sao Paulo, protocolado em 16/12/2020 às 14:52 , sob o número 11221904120208260100, informe o processo 1122190-41.2020.8.26.0100 e código A36C3A3.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1122190-41.2020.8.26.0100 e código A36C3A3.
fls. 5

ANDRÉ CARNEIRO SBRISSA
ADVOCACIA EMPRESARIAL E TRIBUTÁRIA

3) A citação da ré, na forma do art. 98 da Lei de Falência, na pessoa de um de seus representantes legais, para no prazo de dez (10) dias, apresentar contestação, acompanhando a presente, até final decisão e decreto da falência ora requerida.

Dar-se à causa o valor de R$ 144.051,25 (cento e quarenta e quatro mil e cinquenta e um reais e vinte e cinco centavos) .

São Paulo, 15 de dezembro de 2020

André Carneiro Sbrissa
OAB/SP 276.262

# PROTOCOLO DE ASSINATURA(S)

O documento acima foi proposto para assinatura digital na plataforma Certisign Assinaturas. Para verificar as assinaturas clique no link: https://assinaturas.certisign.com.br/Verificar/41BC-9BF6-2DAD-5FB5 ou vá até o site https://assinaturas.certisign.com.br e utilize o código abaixo para verificar se este documento é válido.

## Código para verificação: 41BC-9BF6-2DAD-5FB5



**Hash do Documento**

5941BDBAD34253A0CCF43BEEBE57C39239B2F5E91C08343E6A75EA39CDAB34C1

O(s) nome(s) indicado(s) para assinatura, bem como seu(s) status em 21/03/2025 é(são) :

☑ Ieda Maria Monteiro - 077.542.738-10  em 21/03/2025 12:19 UTC-03:00
**Tipo:** Certificado Digital



# EXHIBIT B



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61          Livro nº CLXVII                    fls. 467

I, the undersigned, in my capacity as sworn translator in São Paulo, State of São Paulo, Brazil, have duly translated into English the following document written in Portuguese "*SENTENÇA DE FALÊNCIA*", which bears my seal and signature.

12/15/2022 12:02 p.m.                    :: 10028475988 - eproc - ::

*[Coat of arms of the State of Rio Grande do Sul]*

### Judicial Branch
### Court of Justice of the State of Rio Grande do Sul
### Regional Business Court of the Judicial District of Novo Hamburgo

Rua Bayard Toledo Mércio, 66 - Neighborhood: Canudos - CEP: 93548011 - Phone: (51) 3553-5500 - Email: frnovohambvre@tjrs.jus.br

**BANKRUPTCY OF BUSINESS OWNERS, BUSINESS COMPANIES, MICRO COMPANIES AND SMALL COMPANIES No. 5001345‑ 28.2022.8.21.0019/RS**

**PLAINTIFF:** JOAO CARLOS CAMARA JUNIOR
**PLAINTIFF:** ANDRE HENRIQUE TILL FERREIRA
**DEFENDANT:** INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA

### COURT DECISION

| OBJECT OF THE DECISION | BANKRUPTCY ORDER |
|---|---|
| PETITION FILING DATE | 1/25/2022 |
| BANKRUPTCY DATE (ARTICLE 9, II) | **12/14/2022** |
| APPOINTED BANKRUPTCY TRUSTEE | Medeiros & Medeiros Administração de Falências e Empresas em Recuperação Ltda |
| WEBSITE FOR ADMINISTRATIVE VERIFICATION OF THE PROCEEDING | **www.falenciaindeal.com.br** |
| ADMINISTRATIVE DIVERGENCES/PROOFS OF CLAIM | **contato@falenciaindeal.com.br** |

### 1. IDENTIFICATION OF THE PLAINTIFF

ANDRÉ HENRIQUE TILL FERREIRA, Brazilian citizen, married, merchant, enrolled with CPF/MF under No. 435.888.400-87, resident and domiciled in the city of Novo Hamburgo/RS, at Avenida Victor Hugo Kunz, nº 2565, and



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021                                          CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                              INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.167.61        Livro nº CLXVII                        fls. 468

JOÃO CARLOS CAMARA JUNIOR, single, business owner, enrolled with CPF/MF under No. 000.414.650-67, holder of identity card RG No.  1067039568 SSP/PC RS, resident and domiciled in the city of Campo Bom/RS.

### 2. IDENTIFICATION OF THE DEFENDANT (BANKRUPT)

**INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA.,** a private legal entity enrolled with CNPJ/MF under No. 13.871.035/0001- 48, with head office at Rua David Canabarro, 37, sala 1101, Centro, in the city of Novo Hamburgo, State of Rio Grande do Sul.

### 3. MEMBERSHIP STRUCTURE OF THE DEFENDANT (BANKRUPT)

According to the 2nd Amendment and Restatement to the Articles of Association filed with JUCIRS on 3/15/2019, the Bankrupt's Membership Structure is as follows:

**2nd AMENDMENT AND RESTATEMENT TO THE ARTICLES OF ASSOCIATION INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA.**

**REGIS LIPPERT FERNANDES,** Brazilian citizen, single, of legal age, born on ██████1970, business owner. Identity card No. 3040353785 issued by SJS/RS, enrolled with CPF under No. 536.374.370-15, resident and domiciled at Rua São Francisco de Paula, n° 125, Apto. 501, Bairro Boa Vista, Novo Hamburgo/RS, CEP: 93.410-330.

**ÂNGELO VENTURA DA SILVA,** Brazilian citizen, single, of legal age, born on ██████1980, business owner. Driver's license No. 02345958874 issued by DETRAN/RS, enrolled with CPF under No. 810.579.620-15, resident and domiciled at Rua Ipiranga, n° 239, bairro Rondônia, in Novo Hamburgo/RS. CEP: 93.415-290.

**MARCOS ANTONIO FAGUNDES,** Brazilian citizen, single, of legal age, born on ██████1973, business owner. Driver's license No. 00376761536 issued by DETRAN/RS, enrolled with CPF under No. 682.400.820-68, resident and domiciled at Rua Santa Cruz, nº 1015, bairro Blumenburg, in Campo Bom/RS. CEP: 93.700-000.

**TÁSSIA FERNANDA DA PAZ,** Brazilian citizen, single, of legal age, born on ██████1986, business owner. Driver's license No. 5096620983 issued by SSP/RS, enrolled with CPF under No. 012.370.480-44, resident and domiciled at Rua 14 de Julho, n° 18, bairro Celeste, in Campo Bom/ RS, CEP: 93.700-000.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
– Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61          Livro nº CLXVII                    fls. 469

**FRANCISCO DANIEL LIMA DE FREITAS**, Brazilian citizen, single, of legal age, born on ▆▆▆▆ 1973, business owner. Driver's license No. 02895247099 issued by DETRAN/RS, enrolled with CPF under No. 449.048.513-15, resident and domiciled at Rua. Heller. n° 510, Apto. 401, Centro, in Novo Hamburgo/RS, CEP: 93.510-330.

Sole members of the limited liability company operating under the business name **"INDEAL CONSULTORIA EM MERCADOS DIGITAIS LI DA "**, with head office at Rua David Canabarro, n° 37. Sala 1101, Centro, in Novo Hamburgo/RS. CEP: 93.510-020, enrolled with **CNPJ/MF under No. 13.871.035/0001–48**, with its Articles of Association duly registered before the Board of Trade of the State of Rio Grande do Sul under **NIRE 43208300738**. On 06/21/2018, and last Amendment to the Articles of Association No. **4848189** on 09/19/2018,

### 4. SUMMARY OF THE COMPLAINT

The petitioners have filed a bankruptcy petition in the Judicial District of São Paulo, affirming that the defendant is a company operating in the field of purchase, sale and brokerage for acquisition of crypto financial assets and entered into with the petitioners an "Agreement for provision of management services of purchase and sale of crypto assets", in the respective amounts of one hundred thousand reais (BRL 100,000.00) with André Henrique Till Ferreira, and forty-four thousand, fifty-one reais and twenty-five cents (BRL 44,051.25) with João Carlos Camara Junior, promising to refund the amounts with monthly interests.

However, on occasion of the Federal Police Operation called "Egyto", all assets of the defendant have been frozen, its members have been detained, and its property has been seized and frozen in the criminal proceeding, including a digital currency account, there being no amounts for payment of the obligations assumed. So, the company's insolvency status is characterized, and there is no alternative but to request the order of bankruptcy so that the frozen assets be made available in the bankruptcy proceeding for payment to the creditors.

They alleged the risk of determining the "forfeiture of assets in favor of the Federal Government" in the criminal proceeding, exhausting the possibility of satisfaction to the privileged creditors, and requested the service of summons upon the defendant to present its defense and, in the merit, the order of bankruptcy.

Upon transfer of the jurisdiction to the Judicial District of Novo Hamburgo, the plaintiffs filed an interlocutory appeal, without success.

The proceeding has been assigned to this Regional Business Court.

### 5. SUMMARY OF THE ANSWER

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61          Livro nº CLXVII                    fls. 470

Even before being served with summons, the defendant appeared in the proceeding to request the confirmation of the Extrajudicial Reorganization Plan.

The request of Confirmation of the Extrajudicial Reorganization Plan was denied by the decision of Event 12 and the defendant filed an interlocutory appeal, but later withdrew the appeal to file for its Extrajudicial Reorganization in an independent proceeding (proc. No. 5012130-49.2022.8.21.0019).

The decision of Event 35 renewed the term for answer and determined the fees in 10% of the debts, for purposes of deposit in court of the amount claimed in the bankruptcy petition.

In Event 38, the defendant restricted itself to request the joinder of the proceeding with the Extrajudicial Reorganization petition due to the alleged connection between them.

**6. SUMMARY OF PRODUCTION OF EVIDENCE**

Without presentation of an answer encompassing the provisions of the items in article 96 of Law 11,101/2005, the defense content is limited to the claim of joinder of the bankruptcy petition with the extrajudicial reorganization petition.

During the stage of production of evidence, several creditors of the defendant filed their proof of claim.

Upon seeing the records, the Prosecution Office refused to intervene in this stage of the proceeding.

Case taken under advisement.

**THESE ARE THE FACTS.**

**THE COURT ANALYZES THE CASE AS FOLLOWS.**

**7. JURISDICTION**

The objection to venue of the 2nd Bankruptcy Court, which has been the object of an interlocutory appeal by the plaintiffs (Proc. No. 2003776- 08.2022.8.26.0000) has been finally determined in this court, either by the decision of the appeal by the 2nd Private Chamber of Business Law of the Court of Justice of São Paulo (TJSP), or by the content of event 12, to the extent the stay was denied.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
**- Inglês –**

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61        Livro nº CLXVII                    fls. 471

### 8. THE MERIT

This is a bankruptcy petition filed based on the debtor's insolvency, who failed to make the payment provided for in the agreement for management of purchase and sale of crypto assets entered into with the plaintiffs and had all its assets frozen in a criminal action for provisional remedy, pending before the 7th Federal Criminal Court of Porto Alegre, which aims at determining the criminal liability of its members for the business model practiced by the defendant.

Strictly speaking, the defendant has not presented an answer to the petition, admitting the existence of the debt and its insolvent condition, and limited itself to first attempt to impair the order of bankruptcy by filing a petition of Confirmation of an Extrajudicial Reorganization Plan in the proceeding and later, the stay and "joint trial" with the independent petition of Extrajudicial Reorganization.

That is, the only resistance offered by the defendant to the petition for order of its bankruptcy was the attempt of being granted with the Extrajudicial Reorganization, which would stay the order of bankruptcy in petitions filed by creditors subject to the reorganization.

It is important to note that article 95 of Law 11,101/2005 indicates only the request of **Court-Supervised Reorganization** as an obstacle to the order of bankruptcy. Notwithstanding, the effects of requesting an Extrajudicial Reorganization should be analyzed.

Taking into account the terms of § 4 of article 161 of Law 11,101/2005, the request of confirmation of an extrajudicial reorganization does not entail the suspension of rights or stay of actions or enforcements, nor results in the impossibility to adjudicate bankruptcy in a proceeding brought by the creditors not subject to the extrajudicial reorganization plan, leading to an understanding, *contrario sensu*, that the extrajudicial reorganization petition stays actions, enforcements and bankruptcy petitions from creditors subject to the plan.

In this regard, Manoel Justino BEZERRA FILHO believes that: "*one of the consequences of the request judicial confirmation of the extrajudicial reorganization plan is mentioned in § 4, accepting the regular processing of actions and enforcements, as well as the petition to adjudicate bankruptcy, but such right is reserved only to those who are not subject to the extrajudicial reorganization plan. Contrario sensu, and as a matter of business logistics, those creditors who are subject to the plan shall have actions and enforcements in progress stayed, and may not be able as well to request the debtor's bankruptcy for the claims contained in the extrajudicial reorganization plan.*" *(Lei de Recuperação de Empresas e Falências Comentada (Commented Business Reorganization and Bankruptcy Law). 12th ed. São Paulo, Editora Revista dos Tribunais, 2009, p. 390).*

Effectively, the plaintiffs are included in the General List of Indeal Clients with Amounts Receivable, inserted in event 30 of the proceeding 5012130- 49.2022.8.21.0019, but due to the

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
#### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61          Livro nº CLXVII                    fls. 472

circumstances of that request, it is concluded that, strictly speaking, there has never been an extrajudicial reorganization petition capable of being carried forward.

In the Extrajudicial Reorganization petition, the plaintiff's claims were listed as follows:

| 2443 | 48790-2 | André Henrique de Silva Porto | 007.754.430-77 | 7,000.82 |
|---|---|---|---|---|
| 2444 | 24460-6 | André Henrique Till Ferreira | 435.888.400-87 | 400,053.96 |
| 2445 | 19235-8 | Andre Hentz | 987.368.330-53 | 9,501.21 |
| 15721 | 3117-2 | João Carlos Brum | 238.887.090-91 | 2,000.79 |
| 15722 | 5918-0 | João Carlos Burkhardt | 163.007.500-00 | 50,000.00 |
| 15723 | 14750-8 | João Carlos Camara Junior | 000.414.650-67 | 44,830.20 |
| 15724 | 40180-6 | João Carlos Camillo | 277.001.510-91 | 0.27 |

However, even though the stay of the creditors' actions may be accepted as an effect incident from the filing of the Extrajudicial Reorganization petition, it is an effect subject to the confirmation of the petition, as the effectiveness of the novation depends on the processing and confirmation. If the reorganization is not confirmed, the stay of the possible order of bankruptcy lasts only for the period the denied petition is pending.

The wording of §8 of article 163 of Law 11,101/2005, inserted by the amendment made by Law 14,112/2020, when affirming that the stay referred to in article 6 applies to the extrajudicial reorganization from the filing of the petition, *but must be ratified by the court if the initial quorum required by § 7 of this article is evidenced*, makes it clear that it is perfectly feasible to hear and try the bankruptcy petition previously filed, since the extrajudicial reorganization is not confirmed.

In the present case, the bankruptcy petition has been filed before the petition of confirmation of the extrajudicial reorganization plan, denoting only the stay of the possible order of bankruptcy while the extrajudicial reorganization petition is not settled, but does not determine the consolidation of the proceedings for a joint decision, as requested by the defendant.

A relevant procedural consequence results from this, namely, there is no connection, but a simple external priority, there is no need to speak about a contested claim in the bankruptcy petition, since there has been no challenge to the petition, and the defendant limited itself to file for its extrajudicial reorganization, in an official dispatch that merely analyzed the feasibility of the complaint. Once the extrajudicial reorganization petition has been denied, the bankruptcy proceeding is ready to be decided, even though the defendant has not presented a timely defense.

That is exactly what happened.



### IEDA MARIA MONTEIRO
Tradutora Pública e Intérprete Comercial
– Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61          Livro nº CLXVII                          fls. 473

In proceeding No. 5012130-49.2022.8.21.0019, the debtor's claim was the confirmation of a heterodox extrajudicial reorganization, without presentation of an actual Reorganization Plan, but hundreds and hundreds of individual agreements, not accompanied by all the required documentation, and further, aiming at the judicial enforcement of the plan, not only upon implementation of the inspection period, but with the effective intervention of the court for collection of the property seized under the criminal proceeding.

Even so, the debtor has been given two opportunities to amend its petition, in events 18 and 32 of that proceeding, but has not been successful to do so, which resulted in rejection of the petition in a decision that denied the complaint, without effects on the claims object of the bankruptcy petition, pursuant to article 165, head provision and §2, of the Bankruptcy Law.

Thus, the bankruptcy petition to which the defendant has not replied on the arguments of the merit is ready to be decided with order of the defendant's bankruptcy, since its insolvency is fully characterized, and the circumstances borne by the defendant may not be opposed to the creditors' rights, which is a result solely from its form of operating in the market, object of investigation by the criminal courts.

Moreover, as referred to in the petition for approval of the extrajudicial reorganization, the creditors are interested not only in a focused and fast solution that enables the receipt of their claims, but in the entire local and regional economy chain, as the social interest is clear in the return to the economy of the frozen assets, the results of the investments by individuals and legal entities who have not caused the ruin of the business, generating circulation of wealth, consumption and collection of taxes in a moment of great economic crisis. Additionally, as reported above, the same interest must be shared by the debtor and the Judicial Branch, as means of optimizing resources and release, or even the dismissal of multiple actions on the same fact.

In such conditions, the bankruptcy proceeding is the best fit to solve the status of lack of structural compliance, since under §8 of article 75 of Law 11,101/2005, *it is a mechanism to preserve economic and social benefits resulting from the business activity, through immediate liquidation of the debtor and quick useful reallocation of assets to the economy.*

The defendant is in a situation similar to that of the company Rental Coins Teconologia da Informação Ltda, which recently had its bankruptcy adjudicated by the 2nd Bankruptcy and Reorganization Court of Curitiba, in the proceeding No. 0006047-30.2022.8.16.0185, even though it had filed in advance an Action for a Pre-Trial Provisional Remedy in preparation for a future Court Supervised Reorganization, such request had no conditions to be heard.

The judgment's statement of reasons includes:

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61        Livro nº CLXVII                    fls. 474

*Considering that until this moment, the complaint of this proceeding has not been received by the Court due to the need for several amendments, the injunction has neither been granted nor the main petition has been presented, it is not possible to consider the court-supervised reorganization petition as filed for purposes of defense and sufficient to stay this bankruptcy proceeding.*

The similarity between the proceedings exists also due to the fact that both companies and their members are parties to criminal proceedings resulting from the accusation briefly summarized as the operation of a pyramid scheme in prejudice of their creditors and of their own creditworthiness in the market, indicating that their liquidation for purposes of satisfaction of the aggrieved parties is a repairing measure.

On the other hand, adjudicating the company's bankruptcy, in addition to satisfying the creditors' interests, does not prevent the members' intention to recover their business rights if the activity is regulated and legalized in the future, as stated in the extrajudicial reorganization petition as a possibility of improvement, since after the amendments introduced in the Bankruptcy Law by Law 14,112/2020, the bankruptcy proceeding shall not prevent the members of the bankrupt company, if the criminal issues are solved, from resuming their business activities as a result of Brazil adopting the fresh start concept, a consequence of completion of the proceeding, pursuant to article 158, VI, of Law 11,101/2005.

Finally, I reaffirm the material complexity of the structural proceeding with an estimate of around thirty thousand (30,000) creditors, resulting from electronic contracts for asset brokerage, judgments incident on such contracts, or even individual agreements for adhesion to the debt payment proposal, requiring the creation of a proper electronic platform, whether to speed up the proofs of claim and administrative divergences, or for the creditors to access online and in real time the information regarding the progress of the proceeding without the need for filing petitions in the records, in order to not create multiple events that delay the proceeding.

**GROUNDS STATED.**

**THE COURT'S DECISION IS AS FOLLOWS.**

In view of the foregoing, <u>I DECLARE THE BANKRUPTCY</u> of **INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA.**, a private legal entity enrolled with CNPJ/MF under No. 13.871.035/0001- -48, with head office at Rua David Canabarro, 37, sala 1101, Centro, in the city of Novo Hamburgo, State of Rio Grande do Sul.

**9. BANKRUPTCY TRUSTEE**

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61          Livro nº CLXVII                    fls. 475

9.1) I appoint, to hold the position of Bankruptcy Trustee, the company Medeiros & Medeiros Administração de Falências e Empresas em Recuperação Ltda., enrolled with CNPJ under No. 24.593.890/0001-50, represented by the professionals Laurence Bica Medeiros (OAB/RS 56.691 – OAB/SC 53.256) and João Adalberto Medeiros Fernandes Júnior (OAB/RS 40.315 – OAB/SC 53.074), with professional address at Avenida Júlio de Castilhos, nº 679, sala 111, CEP 93.510-130, in Novo Hamburgo/RS, and at Avenida Doutor Nilo Peçanha, nº 2900, sala 701, Iguatemi Business, CEP 91.330-001, in Porto Alegre/RS, with contact number 0800 1501111, e-mail contato@administradorjudicial.adv.br and website www.administradorjudicial.adv.br;

Notwithstanding the electronic addresses of the Trustee referred to above, due to the increased number of creditors, the creation of a portal dedicated to the proceeding is advised, according to the grounds, for which I order the use of the domain **www.falenciaindeal.com.br**, which is available for registration as per consultation made on the date hereof.

9.2) Considering the restrictions resulting from the covid-19 pandemic, as well as more suitable to the electronic proceeding, the attendance of the Bankruptcy Trustee's representative, and the affirmation to be made upon the acknowledgment and acceptance of appointment shall be inserted in the records within forty-eight (48) hours as of the service of notice;

9.3) The Bankruptcy Trustee, in discharge of its duties, shall submit to the court, within the term and in the form described below, the following reports, without prejudice to others that may be required upon notice:

9.3.1) At the end of the stage of analysis of administrative diverges and claims, the ADMINISTRATION REPORT accompanied by the notice referred to in Article 7, §2 of the Bankruptcy Law, under Recommendation 72 CNJ, Article 1.

9.3.2) Within forty (40) days as of the statement of commitment, extendable for an equal term, the report on the causes and circumstances that led to bankruptcy, which shall indicate the civil and criminal liability of those involved, supported by the accounting report referred to in the sole paragraph of Article 186, and subject to the other provisions of the head of said article 186 of Law 11,101/2005;

9.4) After all assets have been realized, and the proceeds have been distributed among the creditors, within thirty (30) days, the process completion report, accompanied by the accounts of its administration.

9.5) Pursuant to article 24 of the Bankruptcy Law, the amount and form of payment of the bankruptcy trustee's compensation shall be determined in up to five per cent (5%) of the sale value of

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº  2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61        Livro nº CLXVII                    fls. 476

the collected assets, subject to the payment capacity of the debtor, the degree of complexity of the work, and the amounts practiced in the market for performance of similar activities.

Among the variables to be evaluated in this proceeding, the degree of complexity of the work is extensive, considering the number of creditors indicated by the bankrupt in the related proceeding (estimated in more than 30,000 creditors), as well as by signs that the activity will demand measures in several states of Brazil and abroad, all in order to comply with the law to the fullest extent possible, so as to provide the Bankruptcy Trustee with conditions to administer the Bankruptcy Estate.

The fees are determined hereby in five per cent (5%) of the sale value of the assets.

**10. COLLECTION OF THE ASSETS - FIRST STEPS**

10.1) I order the collection of all assets and rights to compose the bankruptcy estate, the freezing of any financial assets held by the bankrupt through the *SISBAJUD* system, as per the filing receipt attached hereto, as well as the restriction of ownership and possession (transfer and circulation) of any vehicle(s) registered in the name of the bankrupt Company through the *RENAJUD* system, as per the receipt(s) attached hereto. I further order the registration of collection of the real property in the corresponding records, upon search to be performed through the *CNIB* system;

10.2) The bankrupt's assets and rights, including crypto currencies, rights in crypto currencies, crypto assets or the like, financial applications and others, seized in the records of the Provisional Remedy for Seizure No. 5027489-89.2019.4.04.7100 or the Criminal Proceeding No. 5040505-72.2019.404.7100, which have arisen from the same facts, pending before the 7th Federal Criminal Court of Porto Alegre, now become part of the Bankruptcy Estate, and the Trustee shall arrange its collection upon cooperation with that court, which shall be notified with a copy of the judgment;

10.3) The bankrupt's assets and rights of any kind, held in custody abroad, shall also be collected for disposal in the Brazilian territory, upon international legal cooperation, and the Bankruptcy Trustee shall take the necessary actions for this purpose, including with confirmation of this judgment with the court of competent jurisdiction;

10.4) The Division of Registered Warrants of the Court of Justice of Rio Grande do Sul and the Stock Exchange B3 shall be notified for collection of any rights in the name of the bankrupt;

10.5) The other searches on the existence of claims, rights, and actions in favor of the bankruptcy estate liable to collection shall be performed by the Trustee;

**11. PERSONAL LIABILITY OF THE MEMBERS - PROVISIONAL FREEZING**

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
– Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61          Livro nº CLXVII                    fls. 477

11.1) The liability of the managing members of the bankrupt company shall be determined under Article 82 of Law 11,101/2005. Considering the existence of a criminal proceeding pending prior to the bankruptcy proceeding, as well as the acquisition of property with the bankrupt's activity, based on articles 99, VI, and 82, §2, both of Law 11,101/2005, in order to protect the creditors, I order the freezing of their private property, including those object of seizure in the Provisional Remedy for Seizure No. 5027489-89.2019.4.04.7100 or the Criminal Proceeding No. 5040505-72.2019.404.7100, which have arisen from the same facts, pending before the 7th Federal Criminal Court of Porto Alegre, to ensure the useful outcome of the Action for Personal Liability of the Members and to become part of the Bankruptcy Estate in the event of sufficiency hereof. The Trustee shall arrange for their freezing in favor of the Bankruptcy Estate, upon cooperation with that court, which shall be notified with a copy of the judgment.

The final determination or exclusion of liability of the members, former members, managers, and former managers of the bankrupt shall be made under Article 82 of the Bankruptcy Law, and the incident of Article 50 of the Civil Code shall apply to it, where applicable.

I order the freezing of any financial assets held by the members with limited liability, controllers and managers of the bankrupt through the *SISBAJUD* system, as per the filing receipt attached hereto, as well as the restriction of ownership and possession (transfer and circulation) of any vehicle(s) registered in the name of the members through the *RENAJUD* system, as per the receipt(s) attached hereto. I further order the registration of collection of the real property in the corresponding records, upon search to be performed through the *CNIB* system;

11.2) The Division of Registered Warrants of the Court of Justice of Rio Grande do Sul and the Stock Exchange B3 shall be notified for the freezing of any rights in the name of the members;

11.3) Any required disposal of assets in advance against a possible deterioration or non-gratuitous keeping shall be object of a decision in the bankruptcy proceeding;

**12. TERM FOR FILING PROOFS OF CLAIM AND ADMINISTRATIVE DIVERGENCES**

12.1) The bankrupt shall submit within five (5) days the list of the creditors' names, with address, amount, nature, and classification of the respective claims, under penalty of contempt;

12.2) Within this same term, the bankrupt shall make the database of the website https://www.acordoindeal.com.br (**inDeal (acordoindeal.com.br)** available to the Trustee.

12.3.) Regardless of submission of the list by the bankrupt, the Trustee is authorized to use for purposes of verification, the statements of claim already made in these records and in the proceeding

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês —

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61        Livro nº CLXVII                fls. 478

No. 5012130- 49.2022.8.21.0019, with new applications in the records being prohibited as of this judgment;

12.4) I determine the term of fifteen (15) days for filing proofs of claim and electronic verification of the claims directly to the Bankruptcy Trustee, through the electronic address **contato@falenciaindeal.com.br**, which is included in the header of this judgment and shall be recorded in the notice under article 99, §1 of the Bankruptcy Law;

12.5) Regardless of the submission or not of a list of creditors by the bankrupt, the Trustee shall submit, for purposes of publication, a draft of the Notice under Article 99, §1 of Law 11,101/2005.

12.6) Public claims must be included in the bankruptcy through the Classification Incident of Public Claims, pursuant to article 7-A of Law 11,101/2005. The fees for loss of suit determined in favor of the attorneys-in-fact who hold public legal positions are not public claims and must be object of proper proof of claim, whether administrative or judicial.

**13. STAY OF LAWSUITS**

13.1) Lawsuits and/or enforcements against the bankrupt are stayed, except for the cases provided for in §§ 1 and 2 of article 6 of Law 11,101/05;

13.2) From the exceptions above, I emphasize that they shall continue at the court where the lawsuits demanding an illiquid amount are pending, until their liquidation, for purposes of proof of claim, and the Trustee shall represent the Bankruptcy Estate in these lawsuits;

**14. BANKRUPT'S STATEMENTS**

14.1) The members listed above shall be served with notice to provide directly to the bankruptcy trustee, on a day, time and location designated by it, or through electronic means, but no later than fifteen (15) days as of this decision, the statements under Article 104 of Law 11,101/2005;

**15. LEGAL TERM OF THE BANKRUPTCY**

The legal term of the bankruptcy is a reference that identifies, as per the criteria provided for in law and the documents available in the records, the moment when the insolvency conditions of the business arose, being relevant for the analysis of subsequent acts, under the aspect of its effectiveness against the bankruptcy estate and for purposes of liability for property of the agents that may have contributed to suppress the conditions to satisfy the creditors.

1



### IEDA MARIA MONTEIRO
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61        Livro nº CLXVII                          fls. 479

According to FÁBIO COELHO[1], *the legal term is the period prior to the order of bankruptcy that serves as a reference to the audit of the acts practiced by the bankrupt.*

15.1) I determine the legal term on the ninetieth (90th) day prior to the filing of the bankruptcy petition, provisionally established as of 09/16/2020;

15.2) An official letter must be sent to the Protest Notary Office of Novo Hamburgo requesting it to inform the date of the oldest protest against the bankrupt that has not been discharged or cancelled;

### 16. WAIVER OF SEALING THE BANKRUPT'S HEAD OFFICE

16.1) It is publicly and well known that the bankrupt's activities had been suspended much before the bankruptcy, therefore, I waive the issuance of a WRIT OF SEALING, and do not address the possibility of business continuity;

### 17. ASSET SALE PLAN

17.1) The form of sale of crypto currencies, crypto assets or the like shall be subject to planning by the Trustee, and its drafting is authorized to be restricted to the court in order to avoid depreciation of the assets by the volume, form, or time of sale. The plan must be inserted in the records within ninety (90) days as of the final collection, and the period of one hundred and eighty (180) days for its execution is accepted, under Article 99, j, of Law 11,101/2005;

17.2) The other collected assets and rights must be appraised by the Trustee and sold at judicial sale under article 142 of Law 11,101/2005;

17.3) If there are any assets of difficult conservation or subject to an increased devaluation, even though those bound by the provisional freezing, the Trustee may provide their immediate sale and deposit the proceeds to the proceeding.

### 18. INFORMATION TO THE CREDITORS AND OTHER INTERESTED COURTS

18.1) Information to the Creditors will be provided directly by the Bankruptcy Trustee through the contact information included in the header (**www.falenciaindeal.com.br** and **contato@falenciaindeal.com.br**), with a period of forty-eight (48) hours established as of the service of notice for the Bankruptcy Trustee to prove the acquisition of the internet domain, and it must inform any impossibility with urgency.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº  2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61          Livro nº CLXVII                    fls. 480

18.2) The publicity of the relevant facts and decisions and notices shall be made through the notices provided for in Law 11,101/05, regardless of registration in the main records of the attorneys-in-fact of the individual creditors.

18.3) In the bankruptcy proceeding, creditors are not part of the dispute, in strict compliance with the procedural law - except for the incidents filed by or against them - and their registration in the records or service of notice by the indicated attorney-in-fact is not mandatory, which does not give rise to procedural nullity. Publicity to the creditors shall be given through information provided by the Bankruptcy Trustee and publication of the legal notices, as explained above. However, with the benefit of electronic proceedings, registering all creditors or interested parties who enter a power of attorney in the records will work in favor of transparency and publicity of the proceeding. Such measure also helps knowing, understanding, and adopting the forms of processing their claims as provided for in this decision, reason by which I order the clerk's office to include and register all creditors and attorneys-in-fact who so file claims.

18.4) Information to the interested Courts will also be provided by the Bankruptcy Trustee, pursuant to article 22, i, m, of Law 11,101/2005, regardless of notice. The Trustee shall represent the Bankruptcy Estate in the actions in progress, and must file for their registration therein;

**19. COUNTING OF THE TERMS UNDER LAW 11,101/2005**

19.1) According to article 189, §1, of Law 11,101/2005, **all shall be counted in calendar days**.

**20. OTHER PROVISIONS**

20.1) The notice provided for in Article 99, §1, of the Bankruptcy Law shall be published upon draft to be presented by the Bankruptcy Trustee, which may be used, in absence of the list to be presented by the bankrupt, by the creditors who have filed proofs of claim in this proceeding and in the denied extrajudicial reorganization proceeding;

20.2) An official letter shall be sent to the Public Registry of Companies and to the Brazilian Federal Revenue Office so that they annotate the bankruptcy in the debtor's register, including the expression "bankrupt", the bankruptcy order date, and the disqualification referred to in article 102 of the Bankruptcy Law;

20.3) An official letter shall be sent to the 7th Federal Criminal Court of Porto Alegre regarding the records of the Provisional Remedy for Seizure No. 5027489-89.2019.4.04.7100 or the Criminal Proceeding No. 5040505-72.2019.404.7100, which have arisen from the same facts, with a copy of this judgment, for purposes of collection of the rights and assets that become part of the

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61          Livro nº CLXVII                    fls. 481

Bankruptcy Estate, and also for purposes of freezing of the members' assets, who shall guarantee the useful outcome of the proceeding referred to in article 82 of Law 11,101/2005.

20.4) Other usual communications shall be made to the Judicial Offices of the Courts of General Jurisdiction and Special Jurisdiction of this judicial district, in particular to **Projeto Cripto**.

20.5) Considering the national scope of the business, an official letter shall be sent to the Disciplinary Board of the Courts of TJRS for disclosure of the bankruptcy order to the other Courts of Justice in Brazil;

20.6) The attorney's offices of the Federal Tax Authorities, Rio Grande do Sul state tax authority and the Novo Hamburgo municipal tax authority shall be registered and notified, and the registration of other federative entities who report claims against the Bankruptcy Estate is authorized;

20.7) A Classification Incident of the Public Claim shall be created for each of the entities above, with the opening of the same incident authorized to the other federative entities, creditors of the Bankruptcy Estate who so file a claim, pursuant to Article 7-A of the Law 11,101/2005, proceeding as provided therein.

Let it be recorded.

Let it be published.

Let it be notified.

Document electronically signed by **ALEXANDRE KOSBY BOEIRA**, **Judge**, on 12/14/2022, at 6:2:48, according to article 1, III, "b", of Law 11,419/2006. The authenticity of this document may be verified                                                                                                          at https://eproc1g.tjrs.jus.br/eproc/externo_controlador.php?acao=consulta_autenticidade_documentos by inserting the verification code **10028475988v56** and the code **CRC  0bf9fa26**.

1. COELHO, Fábio Ulhoa. *Comentários à nova Lei de Falências e de recuperação de empresas* (Comments on the New Bankruptcy and Reorganization Law (11,101, from 92- 2005). 4th edition - São Paulo: Saraiva, 2007. p. 127.

**5001345-28.2022.8.21.0019**                                                          **10028475988.V56**

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº  2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.61        Livro nº CLXVII                           fls. 482

Further naught, I certify that the preceding is true, faithful and unabridged rendering into English of the original in Portuguese version. In witness whereof, I set my hand and seal in São Paulo, SP, Federative Republic of Brazil, this March 21, 2025.

São Paulo, March 21, 2025.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.



### Poder Judiciário
### Tribunal de Justiça do Estado do Rio Grande do Sul
### Vara Regional Empresarial da Comarca de Novo Hamburgo

Rua Bayard Toledo Mércio, 66 - Bairro: Canudos - CEP: 93548011 - Fone: (51) 3553-5500 - Email:
frnovohambvre@tjrs.jus.br

**FALÊNCIA DE EMPRESÁRIOS, SOCIEDADES EMPRESÁRIAIS, MICROEMPRESAS E EMPRESAS DE PEQUENO PORTE Nº 5001345-28.2022.8.21.0019/RS**

**AUTOR**: JOAO CARLOS CAMARA JUNIOR

**AUTOR**: ANDRE HENRIQUE TILL FERREIRA

**RÉU**: INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA

# SENTENÇA

| OBJETO DA DECISÃO | SENTENÇA DE FALÊNCIA |
|---|---|
| DATA DO PROTOCOLO DO PEDIDO | 25/01/2022 |
| DATA DA QUEBRA (ART. 9º, II) | **14/12/2022** |
| ADMINISTRADOR JUDICIAL NOMEADO | Medeiros & Medeiros Administração de Falências e Empresas em Recuperação Ltda |
| SITE PARA CONSULTA ADMINISTRATIVA DO PROCESSO | **www.falenciaindeal.com.br** |
| DIVERGÊNCIAS/HABILITAÇÕES ADMINISTRATIVAS | **contato@falenciaindeal.com.br** |

## 1. QUALIFICAÇÃO DA PARTE AUTORA

ANDRÉ HENRIQUE TILL FERREIRA, brasileiro, casado, comerciante, inscrito no CPF/MF sob o nº 435.888.400-87, residente e domiciliado na cidade de Novo Hamburgo/RS, na Avenida Victor Hugo Kunz, nº 2565, e

JOÃO CARLOS CAMARA JUNIOR, Solteiro, Empresário, inscrito no CPF/MF sob o nº 000.414.650-67, portador da cédula de identidade RG nº 1067039568 SSP/PC RS, residente e domiciliado na cidade de Campo Bom/RS.

## 2. QUALIFICAÇÃO DA REQUERIDA (FALIDA)

**INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA.**, pessoa jurídica de direito privado, inscrita no CNPJ/MF sob o n.º 13.871.035/0001-48, com sede na Rua David Canabarro, 37, sala 1101, Centro, na cidade de Novo Hamburgo, Estado do Rio Grande do Sul.

## 3. QUADRO SOCIETÁRIO DA REQUERIDA (FALIDA)

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

## Poder Judiciário
### Tribunal de Justiça do Estado do Rio Grande do Sul
### Vara Regional Empresarial da Comarca de Novo Hamburgo

Conforme a 2ª Alteração e Consolidação de Contrato Social, protocolada na JUCIRS em 15/03/2019, o Quadro Societário da Falida é o que segue:

### 2ª ALTERAÇÃO E CONSOLIDAÇÃO DE CONTRATO SOCIAL
### INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA.

**REGIS LIPPERT FERNANDES**, brasileiro, solteiro, maior, nascido em ████ 1970, empresário, Carteira de Identidade nº 3040353785 expedida pelo SJS/RS, CPF nº 536.374.370-15, residente e domiciliado na Rua São Francisco de Paula, nº 125, Apto. 501, Bairro Boa Vista, Novo Hamburgo/RS, CEP: 93.410-330.

**ANGELO VENTURA DA SILVA**, brasileiro, solteiro, maior, nascido em ████ 1980, empresário, Carteira de Habilitação nº 02345958874 expedida pelo DETRAN/RS, CPF nº 810.579.620-15, residente e domiciliado na Rua Ipiranga, nº 239, bairro Rondônia, em Novo Hamburgo/RS, CEP: 93.415-290.

**MARCOS ANTONIO FAGUNDES**, brasileiro, solteiro, maior, nascido em ████ 1973, empresário, Carteira de Habilitação nº 00376761536 expedida pelo DETRAN/RS, CPF nº 682.400.820-68, residente e domiciliado na Rua Santa Cruz, nº 1015, bairro Blumenburg, em Campo Bom/RS, CEP: 93.700-000.

**TÁSSIA FERNANDA DA PAZ**, brasileira, solteira, maior, nascida em ████ 1986, empresária, Carteira de Identidade nº 5096620983 expedida pela SSP/RS, CPF nº 012.370.480-44, residente e domiciliada na Rua 14 de Julho, nº 18, bairro Celeste, em Campo Bom/RS, CEP: 93.700-000.

**FRANCISCO DANIEL LIMA DE FREITAS**, brasileiro, solteiro, maior, nascido em ████ 1973, empresário, Carteira de Habilitação nº 02895247099 expedida pelo DETRAN/RS, CPF nº 449.048.513-15, residente e domiciliado na Rua Heller, nº 510, Apto. 401, Centro, em Novo Hamburgo/RS, CEP: 93.510-330.

Únicos sócios da sociedade empresária limitada que gira sob o nome empresarial de **"INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA."**, com sede na Rua David Canabarro, nº 37, Sala 1101, Centro, em Novo Hamburgo/RS, CEP: 93.510-020, inscrita no **CNPJ/MF sob nº 13.871.035/0001-48** , com Contrato Social devidamente registrado na MM Junta Comercial do Estado do Rio Grande do Sul sob **NIRE 43208300738**, em 21/06/2018,e última Alteração de Contrato Social nº **4848189** em 19/09/2018,

## 4. RESUMO DO PEDIDO DA INICIAL

Ingressaram os autores com pedido de falência, distribuído na Comarca de São Paulo, afirmando que a demandada é empresa atuante no ramo de atividades de  compra, venda e intermediação para a a aquisição de ativos

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

financeiros criptoativos e firmou com os autores "Contrato de prestação de serviços de gerenciamento de compra e venda de ativos criptográficos", nos valores respectivos de R$ 100.000,00 (cem mil reais) com André Henrique Till Ferreira, e R$ 44.051,25 (quarenta e quatro mil e cinquenta e um reais e vinte e cinco centavos) com João Carlos Camara Junior, prometendo restituição dos valores com juros mensais.

Contudo, por ocasião da Operação da Policia Federal denominada "Egyto", todos os bens da requerida foram bloqueados, seus sócios foram detidos e seus bens foram apreendidos e bloqueados no processo criminal, inclusive conta de moeda digital, não restando valores para pagamentos dos compromissos assumidos, restando configurado o estado de insolvência da empresa, não restando alternativa senão requerer a declaração de falência, para que os bens bloqueados sejam disponibilizados no processo de falência para quitação dos credores.

Afirmaram do risco da decretação do "perdimento de bens em favor da União" no processo criminal, a esvaziar a possibilidade de satisfação dos credores privilegiados e postularam a citação da requerida para a defesa que tiver e, no mérito, a decretação da falência.

Declinada à competência para a Comarca de Novo Hamgurgo, os autores agravaram de instrumento, sem sucesso.

O feito foi distribuído para esta Vara Regional Empresarial.

### 5. RESUMO DA CONTESTAÇÃO

Antes mesmo da citação, a demandada compareceu aos autos para postular a homologação de Plano de Recuperação Extrajudicial.

O requerimento de Homologação de Recuperação Extrajudicial restou indeferido pela decisão do Evento 12 e a demandada agravou de instrumento, posteriormente desistindo do recurso para postular sua Recuperação Extrajudicial em procedimento autônomo (proc. 5012130-49.2022.8.21.0019).

Pela decisão do Evento 35, foi renovado o prazo para contestação e fixados honorários em 10% do débito, para fins de depósito elisivo.

No Evento 38, a requerida limitou-se a postular a reunião do processo com o requerimento de Recuperação Extrajudicial, por alegada conexão.

### 6. RESUMO DA INSTRUÇÃO

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

Sem o oferecimento de contestação abrangendo as matérias dos incisos do art. 96, da Lei 11.101/2005, a matéria oferecida em defesa limita-se a pretensão de reunião do pedido de falência com o requerimento de recuperação extrajudicial.

Durante a instrução, diversos credores da demandada postularam sua habilitação nos autos.

Com vista, o Ministério Público declinou de intervir nesta fase do processo.

Vieram os autos conclusos.

**É O RELATÓRIO.**

**PASSO A EXAMINAR.**

**7. COMPETÊNCIA**

A decisão declinatória do juízo da 2ª Vara de Falências, que foi objeto de agravo de instrumento dos autores (Proc. n.º 2003776- 08.2022.8.26.0000) já restou definitivamente fixada neste juízo, seja pela  decisão do recurso pela 2ª Câmara Reservada de Direito Empresarial do TJSP, seja pelo teor do disposto no evento 12, no ponto em que indeferida a suspensão.

**8 . DO MÉRITO**

Trata-se de pedido de falência ajuizado com base na insolvência da devedora, que não honrou o pagamento previsto nos contratos de gerenciamento de compra e venda de ativos criptográficos firmados com os autores e que  teve todo seu patrimônio indisponibilizado em ação cautelar de matéria penal, em tramitação na 7ª Vara Federal Criminal de Porto Alegre, a qual visa apurar as responsabilidades criminais de seus sócios pelo modelo de negócio praticado pela requerida.

A rigor, a demandada não ofereceu contestação ao pedido, sendo confessa quanto à existência da dívida e seu estado de insolvência, limitando-se a pretender primeiro obstar a decretação da falência pelo ajuizamento de pedido de Homologação de Recuperação Extrajudicial nos próprios autos e, posteriormente, a suspensão e "julgamento conjunto" com o pedido autônomo de Recuperação Extrajudicial.

Ou seja, a única resistência oferecida pela demandada ao pedido de decretação de sua falência foi a pretensão de obter a Recuperação Extrajudicial, a qual suspenderia o decreto falimentar em pedidos formulados por credores sujeitos à

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

recuperação.

Importante observar que a regra do art. 95 da Lei 11.101/2005 indica apenas o requerimento de **Recuperação Judicial** como obstativo da decretação da falência. Não obstante, é de se examinar os efeitos do requerimento de Recuperação Extrajudicial.

Sem olvidar que nos termos do § 4º do art. 161 da Lei 11.101/2005, o pedido de homologação de recuperação extrajudicial não acarreta a suspensão de direitos, ações ou execuções, nem resulta na impossibilidade de decretação de falência por processo movido por credores não sujeitos ao plano de recuperação extrajudicial, a fazer entender, *contrario sensu*, que o pedido de recuperação extrajudicial suspende as ações, execuções e pedidos de falência de credores sujeitos ao plano.

Nesse sentido leciona Manoel Justino BEZERRA FILHO: *" uma das consequências do pedido de homologação judicial do plano de recuperação extrajudicial esta presente no § 4º, que admite o regular prosseguimento de ações e execuções, bem como pedido de decretação de falência, reservando, porém, tal direito apenas àqueles que não estejam sujeitos ao plano de recuperação extrajudicial.Contrario sensu, e até por uma questão de lógica dos negócios, aqueles credores que estão sujeitos ao plano terão suspensas as ações e execuções em andamento, não podendo também requerer a falência do devedor pelos créditos constantes do plano de recuperação extrajudicial."* *(Lei de Recuperação de Empresas e Falências Comentada. 12a ed., São Paulo, Editora Revista dos Tribunais, 2009, p. 390).*

Efetivamente, os autores constam do Relatório Geral de Clientes Indeal com Valores a Receber, acostado no evento 30 do processo 5012130-49.2022.8.21.0019, mas pelas circunstâncias daquele pedido, inafastável concluir que, a rigor, jamais existiu efetivo requerimento de homologação de recuperação extrajudicial capaz de ser levado adiante.

No pedido de Recuperação Extrajudicial foram arrolados os créditos dos autores conforme segue:

| | | | | |
|---|---|---|---|---|
| 2442 | 23766-6 | André Henrique Brandt | 011.007.130-61 | 2.000,30 |
| 2443 | 48790-2 | André Henrique de Silva Porto | 007.754.430-77 | 7.000,82 |
| 2444 | 24460-6 | André Henrique Till Ferreira | 435.888.400-87 | 400.053,96 |
| 2445 | 19235-8 | André Hentz | 987.358.330-53 | 9.501,21 |

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

| 15721 | 3117-2 | João Carlos Brum | 238.887.090-91 | 2.000,79 |
|---|---|---|---|---|
| 15722 | 5918-0 | Jcao Carlos Burkhardt | 163.007.500-00 | 50.000,00 |
| 15723 | 14750-8 | João Carlos Camara Junior | 000.414.650-67 | 44.830,20 |
| 15724 | 40180-6 | João Carlos Camillo | 277.001.510-91 | 0,27 |

Contudo, ainda que se possa admitir a suspensão das ações dos credores sujeitos como efeito que incide desde o protocolo do requerimento de Recuperação Extrajudicial, trata-se de efeito condicionado à homologação do pedido, pois depende do processamento e da homologação a efetivação da novação. Caso não homologada a recuperação, a suspensão da possibilidade de decretação da quebra perdura apenas no lapso temporal de tramitação do pedido indeferido.

A redação do §8º, do art. 163, da Lei 11.101/2005, inserido pela reforma promovida pela Lei 14.112/2020, ao afirmar que a suspensão de que trata o art. 6º aplica-se à recuperação extrajudicial desde o protocolo do pedido, *mas somente deverá ser ratificada pelo juiz se comprovado o quórum inicial exigido pelo § 7º deste artigo*, deixa claro que torna-se perfeitamente viável de conhecimento e julgamento do pedido de falência anteriormente ajuizado, uma vez não homologada a recuperação extrajudicial.

No caso vertente, o pedido de falência antecedeu ao requerimento de homologação do plano de recuperação extrajudicial, a denotar apenas a suspensão da possibilidade de decretação da falência enquanto não solvido o requerimento de recuperação extrajudicial, mas não determina a reunião dos processos para *decisão conjunta*, como requereu a aqui demandada.

Daí decorre importante consequência processual, qual seja, ausente conexão, mas mera prejudicialidade externa, não há  falar em pretensão resistida no pedido de falência, posto que não houve contestação de mérito ao pedido, limitando-se a demandada a postular sua recuperação extrajudicial, em expediente que sequer superou o exame da viabilidade da inicial. Uma vez rejeitado o pedido de homologação da recuperação extrajudicial, o processo de falência está apto para decisão, mesmo que a requerida não tenha ofertado tempestiva defesa.

E é exatamente o que ocorreu.

No processo 5012130-49.2022.8.21.0019  a pretensão da devedora foi a homologação de uma recuperação extrajudicial heterodoxa, sem a apresentação de um efetivo Plano de Recuperação, mas várias centenas de acordos individuais, desacompanhados da completude da documentação exigida e, ainda, com a

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

pretensão de execução judicial do cumprimento do plano, não apenas mediante a implementação de período de fiscalização, mas com a efetiva intervenção judicial para a *arrecadação* de patrimônio apreendido na seara criminal.

Ainda assim, a devedora recebeu duas oportunidades para emendar seu pedido, nos eventos 18 e 32 daquele processo, sem que tenha logrado atender, resultando na rejeição do pedido em sentença de indeferimento da inicial, sem efeitos aos créditos objeto do pedido de falência, a teor do art. 165, caput e §2º, da LRF.

Logo, o pedido de falência, ao qual a demandada não ofereceu efetiva defesa aos argumentos de mérito, está apto para decisão e impõe-se a decretação da quebra da requerida, posto que plenamente caracterizado seu estado de insolvência, não se podendo opor ao direito dos credores, as circunstâncias suportadas pela demandada, resultado exclusivo da sua forma de atuação no mercado, objeto de apuração na justiça criminal.

Ademais, consoante referido no pedido de homologação da recuperação extrajudicial extinta, interessa não apenas aos credores uma solução concentrada e célere para propiciar o recebimento de seus créditos, mas à toda a cadeia econômica local e regional, pois evidente o interesse social no retorno à economia dos ativos bloqueados, frutos dos investimentos de pessoas físicas e jurídicas que não deram causa à ruína do negócio, gerando circulação de riquezas, consumo e recolhimento de impostos em momento de grande crise econômica. Além disso, como acima relatado, o mesmo interesse deve ser compartilhado pela devedora e pelo Poder Judiciário, como meio de otimização de recursos e destravamento, ou mesmo extinção, de ações múltiplas sobre o mesmo fato.

Em tais condições, o processo de falência é o que melhor se amolda para solucionar o estado de desconformidade estrutural, posto que, nos termos do §8º, do art. 75, da Lei 11.101/2005, *é mecanismo de preservação de benefícios econômicos e sociais decorrentes da atividade empresarial, por meio da liquidação imediata do devedor e da rápida realocação útil de ativos na economia.*

A requerida encontra-se em situação análoga à empresa Rental Coins Teconologia da Informação Ltda, que recentemente teve sua falência decretada pelo juízo da 2ª Vara de Falências e Recuperações Judiciais de Curitiba, nos autos do processo 0006074-30.2022.8.16.0185, ainda que tivesse ajuizado previamente uma Ação Cautelar Antecendente, preparatória de futura Recuperação Judicial, posto que tal pedido sequer logrou condições de ser processado.

Consta da fundamentação da sentença:

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

*Considerando que até o momento a inicial destes autos sequer foi recebida pelo Juízo em razão da necessidade de sucessivas emendas, tampouco a medida cautelar foi concedida e quanto menos foi apresentado o pedido principal, não há como considerar ajuizado o pedido de recuperação judicial para fins de defesa e com força para suspender a presente falência.*

A similute entre as ações se mostra presente, também, pela circunstância de que ambas as empresas e seus sócios suportam ações criminais, decorrentes da acusação, em apertado resumo, de operação de esquema de pirâmide, em prejuízo de seus credores e da própria credibilidade do mercado, a indicar que constitui-se providência saneadora sua liquidação para fins de satisfação dos prejudicados.

Por outro lado, a decretação da falência da sociedade, além de atender ao interesse dos credores, não embaraça a pretensão dos sócios de recuperarem seus direitos empresarais caso futuramente regulamentada e legitimadada a atividade, consoante fundamentam no pedido de recuperação extrajudicial como possibilidade de soerguimento, posto que após as alterações promovidas na LRF pela Lei 14.112/2020, o processo falimentar não será impeditivo aos sócios da falida, caso eventualmente superadas as questões na seara criminal, possam retomar suas atividades empresariais, por força da adoção pelo Brasil da figura do *fresh start*, consequência do encerramento do feito, a teor do art. 158, VI, da Lei 11.101/2005.

Por fim, reafirmo a complexidade material da realização do processo estrutural com estimativa de cerca de 30.000 (trinta mil) credores, decorrentes de contratos eletrônico de intermediação de ativos, de sentenças judiciais incidentes sobre tais contratos, ou mesmo de termos de adesão individual à proposta de pagamento das dívidas, a exigir a criação de plataforma eletrônica própria, seja para agilizar as habilitações e divergências administrativas, seja para que os credores acessem, *on line and real time*, as informações sobre o andamento do processo, sem necessidade de peticionamento nos autos, a fim de não gerar eventos múltiplos, geradores de morosidade ao feito.

**FUNDAMENTEI.**

**DECIDO.**

Ante o exposto, <u>DECRETO A FALÊNCIA</u> de **INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA.**, pessoa jurídica de direito privado, inscrita no CNPJ/MF sob o n.º 13.871.035/0001-48, com sede na Rua David Canabarro, 37, sala 1101, Centro, na cidade de Novo Hamburgo, Estado do Rio Grande do Sul.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

### 9. ADMINISTRAÇÃO JUDICIAL

9.1) Nomeio para exercer o cargo de Administrador Judicial a empresa Medeiros & Medeiros Administração de Falências e Empresas em Recuperação Ltda., inscrita no CNPJ sob o n.o 24.593.890/0001- 50, tendo como profissionais responsáveis os Drs. Laurence Bica Medeiros (OAB/RS 56.691 – OAB/SC 53.256) e João Adalberto Medeiros Fernandes Júnior (OAB/RS 40.315 – OAB/SC 53.074), com endereços profissionais na Avenida Júlio de Castilhos, nº 679, sala 111, CEP 93.510-130, em Novo Hamburgo/RS, e na Avenida Doutor Nilo Peçanha, nº 2900, sala 701, Iguatemi Business, CEP 91.330-001, em Porto Alegre/RS, telefone para contato 0800 1501111, e-mail contato@administradorjudicial.adv.br. e site www.administradorjudicial.adv.br;

Em que pese os endereços eletrônicos da Administradora, acima referidos, o elevado número de credores aconselha a criação de portal próprio ao processo, nos termos da fundamentação, pelo que determino seja utilizado domínio **www.falenciaindeal.com.br** , que se encontra disponível para registro, consoante consultado na data de hoje.

9.2) considerando as restrições decorrentes da pandemia de covid-19, bem como mais adequado ao processo eletrônico, dispensa-se o comparecimento do responsável pela Administradora Judicial e o compromisso que deverá ser prestado mediante declaração de ciência e aceitação, a ser juntada aos autos em 48 (quarenta e oito) horas da intimação;

9.3) A Administração Judicial, em cumprimento de suas funções, deverá apresentar ao juízo, no tempo e no modo baixo relacionados, os seguintes relatórios, sem prejuízo de outros que possam ser exigidos, estes mediante intimação:

9.3.1) Ao final da fase administrativa de exame das divergências e habilitações administrativas, o RELATÓRIO DA FASE ADMINISTRATIVA, acompanhado do aviso de que trata o Art. 7º, §2º da LRF, nos termos da Recomendação 72 CNJ, Art. 1º.

9.3.2) no prazo de 40 (quarenta) dias, contado do compromisso, prorrogável por igual período, o relatório sobre as causas e circunstâncias que conduziram à situação de falência, no qual apontará a responsabilidade civil e penal dos envolvidos, instruído com o laudo de contador de que refere o parágrafo único do Art. 186, e observadas as demais disposições do *caput* do referido art. 186 da Lei 11.101/2005;

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

9.4) Após concluída a realização de todo o ativo, e distribuído o produto entre os credores, no prazo de 30 (trinta) dias, o relatório de encerramento do processo, acompanhado das contas de sua administração.

9.5) Nos termos do art. 24 da LRF, o valor e a forma de pagamento da remuneração do administrador judicial, são fixados, até o limite de 5%(cinco por cento) do valor de alienação do ativo arrecadado, observados a capacidade de pagamento do devedor, o grau de complexidade do trabalho e os valores praticados no mercado para o desempenho de atividades semelhantes.

Dentre as variáveis a serem sopesadas no presente feito, o grau de complexidade do trabalho é extenso, considerando a quantidade de credores indicada pela falida no feito conexo (estimada em mais de 30.000 credores), bem como por indícios de que a atividade demandará providências em diversos estados da Federação e no exterior, tudo a exigir que se alcance o máximo previsto pelo legislador, a fins de propriciar condições para os profissionais da sociedade administradora cumprirem as funções de Administração da Massa Falida.

Os honorários vão fixados no percentual de 5% (cinco por cento) do valor de alienação dos ativos.

## 10. ARRECADAÇÃO DO ATIVO - PRIMEIRAS PROVIDÊNCIAS

10.1) determino a arrecadação de todos os bens e direitos para a formação da massa falida, desde já bloqueados eventuais ativos financeiros de titularidade da ora falida através do sistema *SISBAJUD*, conforme recibo de protocolamento que segue, em anexo, bem como, também, efetuada a restrição da propriedade e posse (transferência e circulação) de eventual(ais) veículo(s) registrado(s) em nome da Empresa falida pelo sistema *RENAJUD*, consoante recibo(s) que segue(m) em anexo, e determino, também, o registro da arrecadação dos bens imóveis nas correspondentes matrículas, mediante pesquisa a ser realizada pelo sistema *CNIB;*

10.2) os bens e direitos da falida, inclusive criptomoedas, direitos sobre criptomoedas, criptoativos ou similiares, aplicações financeiras e outros, sequestrados nos autos da Medida Cautelar Assecuratória de Sequestro n.º 5027489-89.2019.4.04.7100 ou da Ação Penal nº 5040505-72.2019.404.7100 que dos mesmo fatos tenha se originado, em tramitação na 7ª Vara Criminal da Justiça

Este documento foi assinado digitalmente por leda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

Federal de Porto Alegre, passam a integrar o ativo da Massa Falida e a Administradora deverá providenciar sua arrecadação, mediante cooperação judicial com aquele juízo, que deverá ser oficiado com cópia da sentença;

10.3) os bens e direitos da falida, de qualquer natureza, em custódia no estrangeiro, deverão também ser objeto de arrecadação para alienação no território nacional, mediante cooperação judicial internacional, cabendo à Administradora Judicial providenciar os trâmites necessários, inclusive com a homologação da presente sentença no tribunal competente;

10.4) oficiem-se, ainda, ao Setor de Precatórios do TJRS e a Bolsa de Valores B3, para arrecadação de eventuais direitos em nome da falida;

10.5) as demais pesquisas sobre a existência de créditos, direitos e ações em favor da massa falida, passíveis de arrecadação, deverão ser realizadas pela Administração;

## 11. RESPONSABILIDADE PESSOAL DOS SÓCIOS - INDISPONIBILIDADE CAUTELAR

11.1) a responsabilidade dos sócios administradores da sociedade falida, será apurada na forma do Art. 82, da Lei 11.101/2005. Considerando a tramitação de ação criminal, pretérita à ação falimentar, bem como da aquisição de patrimônio com a atividade da falida, com fundamento nos artigos 99, VI, e 82, §2º, ambos da Lei 11.101/2005, a fim de acautelar os credores, determino a indisponibilidade de seus bens particulares, inclusive aqueles objeto de sequestro nos autos da Medida Cautelar Assecuratória de Sequestro n.º 5027489-89.2019.4.04.7100 ou da Ação Penal nº 5040505-72.2019.404.7100 originada dos mesmos fatos, em tramitação na 7ª Vara Criminal da Justiça Federal de Porto Alegre, para que garantam o resultado útil da Ação de Responsabilização Pessoal dos Sócios e passem a integrar o ativo da Massa Falida, na hipótese de procedência desta. A Administradora deverá providenciar sua indisponibilização em favor da Massa, mediante cooperação judicial com aquele juízo, que deverá ser oficiado com cópia da sentença.

A fixação definitiva ou a exclusão da responsabilização dos sócios, ex-sócios, administradores e ex-administradores da falida será apurada na forma do Art. 82 da LRF, aplicando-se no que couber, o incidente do Art. 50 do Código Civil.

Desde já vão bloqueados eventuais ativos financeiros de titularidade dos sócios de responsabilidade limitada, dos controladores e dos administradores da sociedade falida, através do sistema *SISBAJUD*, conforme recibo de protocolamento que segue, em anexo, bem como, também, efetuada a restrição da propriedade e

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

posse (transferência e circulação) de eventual(ais) veículo(s) registrado(s) em nome dos sócios pelo sistema *RENAJUD*, consoante recibo(s) que segue(m) em anexo, e determino, também, o registro da arrecadação dos bens imóveis nas correspondentes matrículas, mediante pesquisa a ser realizada pelo sistema *CNIB;*

11.2) Oficiem-se, ainda, ao Setor de Precatórios do TJRS e a Bolsa de Valores B3, para indisponibilidade de eventuais direitos em nome dos sócios;

11.3) eventual necessidade de alienação antecipada de bens, em face de possível deterioração ou guarda onerosa, serão objeto de decisão no processo falimentar;

**12. PRAZO PARA HABILITAÇÃO E DIVERGÊNCIAS ADMINISTRATIVAS**

12.1) O falido deverá apresentar no prazo de 5 (cinco) dias, a relação nominal dos credores, indicando endereço, importância, natureza e classificação dos respectivos créditos, sob pena de desobediência;

12.2) No mesmo prazo, o falido deverá disponibilizar à Administração a base de dados do site da internet https://www.acordoindeal.com.br (**inDeal (acordoindeal.com.br)**

12.3.) Independentemente da apresentação da relação do falido, fica a Administração autorizada a utilizar-se para a verificação adminitrativa, das declarações de crédito já formuladas nestes autos e nos autos do processo 5012130-49.2022.8.21.0019, vedados novos requerimentos nos próprios autos a partir desta sentença;

12.4) fixo o prazo de quinze (15) dias para habilitação e verificação eletrônica dos créditos diretamente ao Administrador Judicial, no endereço eletrônico **contato@falenciaindeal.com.br** que consta do cabeçalho da presente sentença e deverá constar do edital do art. 99, §1°, da LRF;

12.5) independentemente da apresentação ou não da relação de credores pela falida, a Administração apresentará para fins de publicação, a minuta do Edital do Art. 99,§1°, da Lei 11.101/2005.

12.6) os créditos públicos deverão ingressar no concurso falimentar por meio do Incidente de Classificação do Crédito Público, conforme art. 7°-A, da Lei 11.101/2005. Os honorários de sucumbência fixados em favor dos procuradores integrantes das carreiras da advocacia pública não se constituem crédito público e deverão ser objeto de habilitação própria, administrativa ou judicial.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

### 13. SUSPENSÃO DAS AÇÕES

13.1) ficam suspensas as ações e/ou execuções contra o falido, ressalvadas as hipóteses previstas nos § § 1º e 2º do artigo 6º da Lei nº 11.101/05;

13.2) das exceções acima, enfatizo que terão prosseguimento no juízo no qual estiver se processando as ações que demandarem quantia ilíquida, até sua liquidação, para fins de habilitação, devendo a Administração Judicial passar a responder pela Massa Falida nestes feitos;

### 14. DAS DECLARAÇÕES DA FALIDA

14.1) intimem-se os sócios acima relacionados para prestarem diretamente ao administrador judicial, em dia, local e hora por ele designados, ou mesmo por meio eletrônico, mas em prazo não superior a 15 (quinze) dias desta decisão, as declarações do Art. 104, da Lei 11.101/2005;

### 15. DO TERMO LEGAL DA FALÊNCIA

O termo legal da falência é um referencial que identifica, conforme os critérios previstos em lei e os documentos disponíveis nos autos, o instante em que a condição de insolvência do negócio se estabeleceu, sendo relevante para o exame dos atos posteriores, sob o aspecto de sua eficácia contra a massa e para fins de responsabilização patrimonial dos agentes que porventura colaboraram para suprimir as condições de satisfação dos credores.

Segundo FÁBIO COELHO[1], *o termo legal é o período anterior à decretação da quebra, que serve de referência para a auditoria dos atos praticados pelo falido.*

15.1) declaro o termo legal no nonagésimo (90º) dia anterior ao protocolo do pedido de falência, fixada provisoriamente a data de 16/09/2020;

15.2) oficie-se ao Tabelionato de Protestos de Novo Hamburgo, requisitando-se informar a data do protesto mais antigo em face da falida, não quitado ou cancelado;

### 16. DA DISPENSA DE LACRAÇÃO DA SEDE DA FALIDA

16.1) Fato público e notório que a falida já estava com suas atividades suspensas muito antes da quebra, dispenso a expedição de MANDADO DE LACRAÇÃO e deixo de dispôr sobre a possibilidade de continuidade dos negócios;

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

### 17. DO PLANO DE ALIENAÇÃO DO ATIVO

17.1) a forma de alienação de criptomoedas, criptoativos ou similares, deverá ser objeto de planificação pela Administração, autorizada a elaboração em sigilo restrito ao juízo, a fim de evitar depreciação dos ativos pelo volume, forma ou época de venda. O plano deverá vir aos autos em até 90 (noventa) dias da arrecadação definitiva, admitido o prazo de 180 (cento e oitenta) dias para sua execução, na forma do Art. 99, j, da Lei 11.101/2005;

17.2) os demais bens e direitos arrecadados deverão ser avaliados pela Administração e vendidos em leilão nos termos do art. 142 da Lei 11.101/2005;

17.3) na existência de bens de difícil conservação ou de desvalorização acentuada, mesmo aqueles vinculados à indisponibilidade cautelar, poderá a Administração promover pela venda imediata, depositando-se o resultado no processo.

### 18. DAS INFORMAÇÕES AOS CREDORES E DEMAIS JUÍZOS INTERESSADOS

18.1) as informações aos Credores serão prestadas diretamente pela Administração Judicial, pelos meios de contato divulgados no cabeçalho (**www.falenciaindeal.com.br** e **contato@falenciaindeal.com.br**), fixado o prazo de 48 (quarenta e oito) horas da intimação para a Administração Judicial comprovar a aquisição do domínio na internet, devendo informar, com urgência, eventual impossibilidade.

18.2) a publicidade dos fatos e decisões relevantes e as intimações dar-se-ão pelos editais previstos na Lei nº 11.101/05, independentemente do cadastramento nos autos principais dos procuradores dos credores individuais.

18.3) No processo de Falência, os credores não são parte na lide, nos estritos termos da lei processual - à exceção dos incidentes por eles, ou contra eles, promovidos - não merecendo cadastramento obrigatório nos autos ou intimação pelo procurador indicado, do que não decorre qualquer nulidade processual. A publicidade aos credores se dá por informações prestadas pela Administração Judicial e pela publicação dos avisos legais, conforme acima explicitado. No entanto, com o advento do processo eletrônico, opera a favor da transparência e publicidade do processo o cadastramento de todos os credores ou interessados que juntarem procuração aos autos. Tal providência, inclusive, auxilia no conhecimento, compreensão e adoção das formas de tramitação de suas pretensões conforme disposto na presente decisão, pelo que determino à serventia que efetue a inclusão e o cadastramento de todos os credores e procuradores que assim postularem.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

18.4) As informações aos Juízos interessados serão prestadas também pelo Administrador Judicial, na forma do art. 22, i, m, da Lei 11.101/2005, independentemente de intimação. A Administração representará a Massa Falida nos feitos em andamento, devendo neles postular seu cadastramento;

### 19. CONTAGEM DOS PRAZOS DA LEI 11.101/2005

19.1) Nos termos do art. 189, §1º, I, da Lei 11.101/2005, **todos os serão contados em dias corridos**

### 20. DEMAIS DISPOSIÇÕES

20.1) publique-se o edital previsto no artigo 99, §1º, da Lei de Quebras, mediante minuta a ser apresentada pelo Administrador Judicial, podendo valer-se, na ausência de apresentação da relação pela falida, dos credores habilitados nestes autos e na recuperação extrajudicial extinta pelo indeferimento;

20.2) oficiem-se ao Registro Público de Empresas e à Secretaria Especial da Receita Federal do Brasil que procedam à anotação da falência no registro da devedora, fazendo constar a expressão "falido", a data da decretação da falência e a inabilitação de que trata o art. 102 da LRF;

20.3) oficie-se ao Juízo da 7ª Vara Criminal da Justiça Federal de Porto Alegre, em atenção aos autos da Medida Cautelar Assecuratória de Sequestro n.º 5027489-89.2019.4.04.7100 ou da Ação Penal nº 5040505-72.2019.404.7100 originada dos mesmos fatos, com cópia da presente sentença, para os efeitos arrecadatórios dos bens e direitos que passam a integrar o ativo da Massa Falida e, também, para os efeitos de indisponibilidade dos bens e ativos dos sócios, que deverão assegurar o resultado útil da ação de que versa o art. 82, da Lei 11.101/2005.

20.4) procedam-se às demais comunicações de praxe junto aos Ofícios Judiciais da Justiça Comum e Especializada desta comarca, em especial ao **Projeto Cripto**;

20.5) considerando a abrangência nacional dos negócios, oficie-se à Douta CGJ do TJRS para divulgação da sentença de quebra aos demais Tribunais de Justiça da Federação;

20.6) cadastrem-se e intimem-se as procuradorias das Fazendas Públicas da União, do Estado do RS e do Município de Novo Hamburgo, desde já autorizado o cadastramento de outros entes federativos que informarem créditos em face da Massa Falida;

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

**Poder Judiciário**
**Tribunal de Justiça do Estado do Rio Grande do Sul**
**Vara Regional Empresarial da Comarca de Novo Hamburgo**

20.7) crie-se um Incidente de Classificação do Crédito Público para cada um dos entes acima, autorizada a abertura do mesmo incidente para os demais entes federativos, credores da Massa Falida, que assim demonstrarem e postularem, na forma do Art. 7º-A, da Lei 11.101/2005, prosseguindo-se conforme ele dispõe.

Registre-se.

Publique-se.

Intimem-se.

---

Documento assinado eletronicamente por **ALEXANDRE KOSBY BOEIRA, Juiz de Direito**, em 14/12/2022, às 18:2:48, conforme art. 1º, III, "b", da Lei 11.419/2006. A autenticidade do documento pode ser conferida no site https://eproc1g.tjrs.jus.br/eproc/externo_controlador.php? acao=consulta_autenticidade_documentos, informando o código verificador **10028475988v56** e o código CRC **0bf9fa26**.

1. COELHO, Fábio Ulhoa. Comentários à nova Lei de Falências e de recuperação de empresas (11.101, de 92-2005). 4ª edição – São Paulo: Saraiva, 2007. p. 127.

**5001345-28.2022.8.21.0019**                                **10028475988 .V56**

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 4FCA-9892-DA1A-DF80.

# PROTOCOLO DE ASSINATURA(S)

O documento acima foi proposto para assinatura digital na plataforma Certisign Assinaturas. Para verificar as assinaturas clique no link: https://assinaturas.certisign.com.br/Verificar/4FCA-9892-DA1A-DF80 ou vá até o site https://assinaturas.certisign.com.br e utilize o código abaixo para verificar se este documento é válido.

## Código para verificação: 4FCA-9892-DA1A-DF80



**Hash do Documento**

407954D598E85FE24633E1EE10C0108C2CD0704E2ED728EB95EC494357BD5CF9

O(s) nome(s) indicado(s) para assinatura, bem como seu(s) status em 21/03/2025 é(são) :

☑ Ieda Maria Monteiro - 077.542.738-10  em 21/03/2025 12:19 UTC-03:00
**Tipo:** Certificado Digital



# EXHIBIT C



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.66        Livro nº CLXVII                    fls. 496

I, the undersigned, in my capacity as sworn translator in São Paulo, State of São Paulo, Brazil, have duly translated into English the following document written in Portuguese "***TERMO DE COMPROMISSO***", which bears my seal and signature.

[*Document presented in letterhead paper of Medeiros Administração Judicial*]

Novo Hamburgo/RS, December 15, 2022.

### BANKRUPTCY No. 5001345-28.2022.8.210019/RS

| | |
|---|---|
| **BANKRUPT:** | INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA. (CNPJ No. 13.871.035/0001-48) |
| **JUDGING AUTHORITY:** | REGIONAL BUSINESS COURT OF THE JUDICIAL DISTRICT OF NOVO HAMBURGO/RS |
| **BANKRUPTCY TRUSTEE:** | MEDEIROS ADMINISTRAÇÃO JUDICIAL |
| **PROFESSIONALS IN CHARGE:** | LAURENCE BICA MEDEIROS (OAB/RS 56.691) AND JOÃO MEDEIROS FERNANDES JR. (OAB/RS 40.315) |
| **SUBJECT:** | ACKNOWLEDGMENT AND ACCEPTANCE OF APPOINTMENT |

### STATEMENT OF COMMITMENT

**NAME OF COMMITTED TRUSTEE:** Medeiros & Medeiros Administração de Falências e Empresas em Recuperação Ltda., enrolled with CNPJ under No. 24.593.890/0001-50, represented by the professionals Laurence Bica Medeiros (OAB/ RS 56.691) and João Adalberto Medeiros Fernandes Júnior (OAB/RS 40.315).

On the date hereof, in compliance with item "9.1" of the appointment decision contained in event No. 70 "SENT1" of the foregoing bankruptcy proceeding, as well as in compliance with article 33 of Law No. 11,101/2005, I state to acknowledge and accept the position to which I have been appointed, to act as bankruptcy trustee, which duty will be performed with transparency, equity, and promptness.

### MEDEIROS ADMINISTRAÇÃO JUDICIAL
CNPJ No. 24.593.890/0001- 50

| | | | |
|---|---|---|---|
| JOAO ADALBERTO MEDEIROS FERNANDES JUNIOR: 57940355015 | Digitally signed by JOAO ADALBERTO MEDEIROS FERNANDES JUNIOR: 57940355015 | LAURENCE BICA MEDEIROS: 80798837004 | Digitally signed by LAURENCE BICA MEDEIROS: 80798837004 Data: 2022.12.15  5:55:48 p.m. -03'00' |



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.167.66          Livro nº CLXVII                    fls. 497

Data:  2022.12.15  5:55:33
p.m. -03'00'

JOÃO MEDEIROS FERNANDES JR.                   LAURENCE BICA MEDEIROS
OAB/RS 40.315                                  OAB/RS 56.691

**Call Center: 0800 150 1111**

PORTO ALEGRE/RS | NOVO HAMBURGO/RS | CAXIAS DO SUL/RS | BLUMENAU/SC | RIO DE JANEIRO/RJ | SÃO PAULO/SP

Further naught, I certify that the preceding is true, faithful and unabridged rendering into English of the original in Portuguese version. In witness whereof, I set my hand and seal in São Paulo, SP, Federative Republic of Brazil, this March 21, 2025.

São Paulo, March 21, 2025.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código E7F6-52B4-5A6D-FFC7.



Novo Hamburgo/RS, 15 de dezembro de 2022.

<u>FALÊNCIA N.º 5001345-28.2022.8.21.0019/RS</u>

| | |
|---|---|
| **FALIDA:** | INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA. (CNPJ N.º 13.871.035/0001-48) |
| **ÓRGÃO JULGADOR:** | VARA REGIONAL EMPRESARIAL DA COMARCA DE NOVO HAMBURGO/RS |
| **ADMINISTRADORA JUDICIAL:** | MEDEIROS ADMINISTRAÇÃO JUDICIAL |
| **PROFISSIONAIS RESPONSÁVEIS:** | LAURENCE BICA MEDEIROS (OAB/RS 56.691) E JOÃO MEDEIROS FERNANDES JR. (OAB/RS 40.315) |
| **ASSUNTO:** | TERMO DE CIÊNCIA E ACEITAÇÃO DO ENCARGO |

<u>TERMO DE COMPROMISSO</u>

**NOME DA COMPROMISSADA:** Medeiros & Medeiros Administração de Falências e Empresas em Recuperação Ltda., inscrita no CNPJ sob o n.º 24.593.890/0001-50, tendo como profissionais responsáveis os Drs. Laurence Bica Medeiros (OAB/RS 56.691) e João Adalberto Medeiros Fernandes Júnior (OAB/RS 40.315).

Na presente data, em atendimento ao item "9.1" da decisão de nomeação constante no evento n.º 70, "SENT1", do processo falimentar supramencionado, bem como em atenção ao disposto no artigo 33 da Lei n.º 11.101/2005, declaro-me ciente e aceito o encargo que me foi atribuído para atuar como administradora judicial, cuja função será desempenhada com transparência, equidade e presteza.

MEDEIROS ADMINISTRAÇÃO JUDICIAL
CNPJ N.º 24.593.890/0001- 50

JOAO ADALBERTO MEDEIROS FERNANDES JUNIOR:57940355015
Assinado de forma digital por JOAO ADALBERTO MEDEIROS FERNANDES JUNIOR:57940355015
Dados: 2022.12.15 17:55:33 -03'00'

LAURENCE BICA MEDEIROS:80798837004
Assinado de forma digital por LAURENCE BICA MEDEIROS:80798837004
Dados: 2022.12.15 17:55:48 -03'00'

**JOÃO MEDEIROS FERNANDES JR.**
OAB/RS 40.315

**LAURENCE BICA MEDEIROS**
OAB/RS 56.691

**Central de Atendimento:  0800 150 1111**

PORTO ALEGRE/RS  |  NOVO HAMBURGO/RS  |  CAXIAS DO SUL/RS  |  BLUMENAU/SC  |  RIO DE JANEIRO/RJ  |  SÃO PAULO/SP

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código E7F6-52B4-5A6D-FFC7.

administradorjudicial.adv.br

Este documento foi assinado digitalmente por Ieda Maria Monteiro.

## PROTOCOLO DE ASSINATURA(S)

O documento acima foi proposto para assinatura digital na plataforma Certisign Assinaturas. Para verificar as assinaturas clique no link: https://assinaturas.certisign.com.br/Verificar/E7F6-52B4-5A6D-FFC7 ou vá até o site https://assinaturas.certisign.com.br e utilize o código abaixo para verificar se este documento é válido.

### Código para verificação: E7F6-52B4-5A6D-FFC7



**Hash do Documento**

C17EE2CEDC64292B802D19509EE9453A50BD39854D7A7F982633986CC5078275

O(s) nome(s) indicado(s) para assinatura, bem como seu(s) status em 21/03/2025 é(são) :

☑ Ieda Maria Monteiro - 077.542.738-10  em 21/03/2025 12:19 UTC-03:00
**Tipo:** Certificado Digital



# EXHIBIT D

5/6/25, 10:53 AM    U.S. Seizes Virtual Currencies Valued at $24 Million Assisting Brazil in Major Internet Fraud Investigation | …

Case 25-90160-ELG    Doc 8-2    Filed 05/09/25    Entered 05/09/25 17:08:43    Desc
Exhibit 2 - Declaration of Foreign Representative (with exhibits)    Page 69 of 86



**PRESS RELEASE**

# U.S. Seizes Virtual Currencies Valued at $24 Million Assisting Brazil in Major Internet Fraud Investigation

Wednesday, November 4, 2020

**For Immediate Release**

Office of Public Affairs

The Department of Justice announced today that it has seized virtual currency worth an estimated $24 million on behalf of the Brazilian government.

The seizure order was obtained pursuant to an official request from the government of Brazil, made under the Treaty between the United States of America and the Federative Republic of Brazil on Mutual Legal Assistance in Criminal Matters, for assistance in connection with a large cryptocurrency fraud scheme in a Brazilian federal police investigation called "Operation Egypto." Brazilian authorities estimate that more than $200 million was obtained through this scheme through which more than tens of thousands of Brazilians may have been defrauded.

Brazilian federal prosecutors have charged several individuals in the case. The U.S. seizures were tied to Brazilian Marcos Antonio Fagundes' alleged role in the scheme. As the United States alleged based on information provided by Brazilian authorities, Fagundes is charged with several criminal violations of Brazilian law, including, among other offenses, the operation of a financial institution without legal authorization, fraudulent management of a financial institution, misappropriation, and money laundering, as well as securities law violations. The Brazilian court issued a seizure order directing the seizure of virtual currency in the United States owned or controlled by Fagundes.

According to documents filed in the Brazilian criminal proceeding and the Brazilian court's findings, during August 2017 to May 2019, Fagundes and other defendants solicited funds from prospective investors over the internet, sometimes in combination with telephone and other means, and held the funds received in a manner that subjected it to regulation as a financial institution under Brazilian law, with which Fagundes and the other defendants failed to comply. Solicitations referred to as innovative investment opportunities were made over the internet and in person, offering investments in cryptocurrencies. As alleged, the defendants solicited investors to give money to corporations they controlled, in the form of Brazilian currency or cryptocurrency, which the companies would then invest in a variety of virtual currency types. The Brazilian court found, however, that only a very small amount of funds were invested in cryptocurrencies as promised, and very little was returned to the investors. To carry out the scheme, the conspirators are alleged to have made false and inconsistent promises to investors about the way the funds were invested and exaggerated the rates of return.

In execution of the Brazilian request for assistance, an application to enforce the Brazilian seizure order was filed in the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 2467, seeking to seize the virtual currency belonging to or controlled by Fagundes located in the United States. U.S. District Judge Trevor N. McFadden granted the U.S. government's application and issued seizure orders directing the seizure of the virtual currency.

The U.S. Department of Justice's Money Laundering and Asset Recovery Section (MLARS) International Unit and Office of International Affairs are working in close cooperation with the Brazilian authorities, the FBI Legal Attaché in Brasilia, the FBI in Boston, the FBI's Virtual Currency Evolving Threat Working Group, and the U.S. Marshals Service to restrain the virtual currency and preserve it for forfeiture proceedings pending in Brazil to compensate the investors victimized in this fraudulent investment scheme. The forfeiture proceedings in the United States are being handled by MLARS International Unit Trial Attorney Jennifer Wallis.

The crypto currency firm holding the accounts cooperated with law enforcement authorities in executing this seizure.

The year 2020 marks the 150th anniversary of the Department of Justice. Learn more about the history of our agency at [www.Justice.gov/Celebrating150Years](www.Justice.gov/Celebrating150Years).

*Updated February 5, 2025*

## Topics

5/6/25, 10:53 AM Case 25-90166-EtG orDoc 8-2s | UFiledi05/09/25virtual Enteredi05/09/25t $17:08:43ing BraDesca Major Internet Fraud Investigation | ...

Exhibit 2 - Declaration of Foreign Representative (with exhibits)     Page 71 of 86

**ASSET FORFEITURE**          **CYBERCRIME**


**SECURITIES, COMMODITIES, & INVESTMENT FRAUD**


## Components

[Criminal Division](#)  |  [Criminal - Money Laundering and Asset Recovery Section](#)  |  [Criminal - Office of International Affairs](#)  |  [Federal Bureau of Investigation (FBI)](#)

Press Release Number: 20-1201


# Related Content

---

**PRESS RELEASE**

## Founder and Former CEO of Biscayne Capital Sentenced to 10 Years in Prison for $130M Fraud Scheme

Roberto Gustavo Cortes Ripalda (Cortes), 58, the co-founder, co-owner, and CEO of international advisory firm Biscayne Capital, was sentenced earlier today in Brooklyn, New York to 10 years in prison...

April 24, 2025

**PRESS RELEASE**

## Iranian National Indicted for Operating Online Marketplace Offering Fentanyl and Money Laundering Services

A federal grand jury has charged Behrouz Parsarad, an Iranian national, for his role as the founder and operator of Nemesis Market, a dark web marketplace for illegal drugs and...

April 17, 2025

**PRESS RELEASE**

## Maryland Man Pleads Guilty to Conspiracy to Commit Wire Fraud

Minh Phuong Ngoc Vong, 40, of Bowie, Maryland, pleaded guilty today to conspiracy to commit wire fraud in connection with a scheme whereby he conspired with unknown individuals, including John...

April 15, 2025



✉ **Office of Public Affairs**

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington DC 20530

📞 Office of Public Affairs Direct Line

202-514-2007

Department of Justice Main Switchboard

202-514-2000

# EXHIBIT E

Intentionally Omitted.

# EXHIBIT F

## PROTOCOLO DE ASSINATURA(S)

O documento acima foi proposto para assinatura digital na plataforma Certisign Assinaturas. Para verificar as assinaturas clique no link: https://assinaturas.certisign.com.br/Verificar/4DE9-0718-8115-0193 ou vá até o site https://assinaturas.certisign.com.br e utilize o código abaixo para verificar se este documento é válido.

## Código para verificação: 4DE9-0718-8115-0193



**Hash do Documento**

AA66C32619063AE42518822732FE73E31092A271B32AC84CE1BC49E1B3BAE93B

O(s) nome(s) indicado(s) para assinatura, bem como seu(s) status em 21/03/2025 é(são) :

☑ Ieda Maria Monteiro - 077.542.738-10  em 21/03/2025 12:19 UTC-03:00
**Tipo:** Certificado Digital



# EXHIBIT G



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021                                                                                    CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                                                                        INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.167.64          Livro nº CLXVII                          fls. 488

I, the undersigned, in my capacity as sworn translator in São Paulo, State of São Paulo, Brazil, have duly translated into English the following document written in Portuguese "*AUTO DE ARRECADAÇÃO DE BENS DA INDEAL CONSULTORIA EM MERCADOS DIGITAIS LTDA.*", which bears my seal and signature.

[*Document presented in the letterhead of Medeiros Administração Judicial*]

[*Document presents the following information on the footer: www.administradorjudicial.adv.br and the logotypes of the social media of Medeiros Administração Judicial on YouTube, Facebook, Instagram, LinkedIn and a QR Code*]

[*TRANSLATOR'S NOTE: At the request of the interested party, only the first paragraph and the content of the last page were translated.*]

N. 1/2024-INDEAL | LIABILITY ACTION

### COLLECTION NOTICE
#### Art. 110 of Law No. 11,101/2005

On March 18, 2024, in compliance with the bankruptcy declaration issued by the Honorable Judge of the Regional Business Court of the Judicial District of Novo Hamburgo/RS, as well as the injunction issued in liability action No. 5016763-69.2023.8.21.0019, the receiver Medeiros Administração Judicial, appointed in the bankruptcy proceedings of InDeal Consultoria em Mercados Digitais Ltda, filed under No. 5001345-28.2022.8.21.0019, in the exercise of the duty provided for in art. 22, sub-item III, letter "f", of Law No. 11,101/2005, proceeded to draw up the collection notice of the assets listed below:

| DESCRIPTION OF ASSET | COLLECTION | EVALUATION | DISPOSAL |
|---|---|---|---|
| **Real property** | **07/18/2023** | **Pending** | **Until 09/13/2024** |
| **Unit 1,302 and respective parking spaces** in the development registered under No. 52,788 of the Itapema/SC Real Estate Registry, owned by Marcos Antônio Fagundes | Injunction (event 3) | In progress | Pursuant to art. 142, paragraph 2-A, sub-item IV, of Law No. 11,101/2005 |
| | 07/18/2023 | | |

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 8A09-67E7-1242-E353.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021                                    CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                      INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.167.64        Livro nº CLXVII                    fls. 489

| **3,537.21068616 BTCs** made unavailable in the USA in Representation No. 5031487-27.2019.4.04.7100, owned by Marcos Antônio Fagundes | Injunction (event 3) | Impaired | Impaired |
|---|---|---|---|

Novo Hamburgo/RS, March 18, 2024.

[*Illegible signature*]

**Medeiros Administração Judicial**
Receiver

Further naught, I certify that the preceding is true, faithful and unabridged rendering into English of the original in Portuguese version. In witness whereof, I set my hand and seal in São Paulo, SP, Federative Republic of Brazil, this March 21, 2025.

São Paulo, March 21, 2025.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 8A09-67E7-1242-E353.

**medeiros²**
administração judicial

N. 1/2024–INDEAL | AÇÃO DE RESPONSABILIDADE

## AUTO DE ARRECADAÇÃO
Art. 110 da Lei n. 11.101/2005

Aos 18 dias do mês de março de 2024, por força do decreto de falência expedido pelo excelentíssimo juiz de Direito da Vara Regional Empresarial de Novo Hamburgo/RS, bem como da decisão liminar proferida na ação de responsabilidade n. 5016763–69.2023.8.21.0019, a administradora judicial Medeiros Administração Judicial, nomeada no processo falimentar de InDeal Consultoria em Mercados Digitais Ltda., autuado sob o n. 5001345–28.2022.8.21.0019, no exercío do dever previsto no art. 22, inciso III, alínea "f", da Lei n. 11.101/2005, procedeu à lavratura do auto de arrecadação dos bens abaixo listados:

| ⚖ DESCRIÇÃO DO BEM | 🧾 ARRECADAÇÃO | 💲 AVALIAÇÃO | ⏱ ALIENAÇÃO |
|---|---|---|---|
| **Imóvel** Imóvel matriculado sob o n. **18.678** do Registro de Imóveis de Campo Bom/RS, de propriedade registral de Wagner Kern de Lemos, mas propriedade atribuída a Ângelo Ventura da Silva | 18/07/2023 Decisão liminar (evento 3) | R$ 573.600,00 Laudo em anexo | Até 13/09/2024 Conforme art. 142, parágrafo 2°–A, inciso IV, da Lei n. 11.101/2005 |
| **Imóvel** Imóvel matriculado sob o n. **3.087** do Registro de Imóveis de Ivoti/RS, de propriedade registral de Ângelo Ventura da Silva | 18/07/2023 Decisão liminar (evento 3) | R$ 350.000,00 Laudo em anexo | Até 13/09/2024 Conforme art. 142, parágrafo 2°–A, inciso IV, da Lei n. 11.101/2005 |
| **Imóvel** Imóvel matriculado sob o n. **69.144** do Registro de Imóveis de Novo Hamburgo/RS, de propriedade registral de Fernando Ferreira e Marli Gammertt Ferreira, mas de propriedade atribuída a Ângelo Ventura da Silva | 18/07/2023 Decisão liminar (evento 3) | R$ 797.662,72 Laudo em anexo | Até 13/09/2024 Conforme art. 142, parágrafo 2°–A, inciso IV, da Lei n. 11.101/2005 |
| **Imóvel** Imóvel matriculado sob o n. **111.551** do Registro de Imóveis de Novo Hamburgo/RS, de propriedade registral de Miguel Valmir Araujo Oliveira, mas de propriedade atribuída a Ângelo Ventura da Silva | 18/07/2023 Decisão liminar (evento 3) | R$ 88.000,00 Laudo em anexo | Até 13/09/2024 Conforme art. 142, parágrafo 2°–A, inciso IV, da Lei n. 11.101/2005 |
| **Imóvel** Imóvel matriculado sob o n. **111.552** do Registro de Imóveis de Novo Hamburgo/RS, de propriedade registral de Miguel Valmir Araujo Oliveira, mas de propriedade atribuída a Ângelo Ventura da Silva | 18/07/2023 Decisão liminar (evento 3) | R$ 80.000,00 Laudo em anexo | Até 13/09/2024 Conforme art. 142, parágrafo 2°–A, inciso IV, da Lei n. 11.101/2005 |
| **Imóvel** Imóvel matriculado sob o n. **126.477** do Registro de Imóveis de Novo Hamburgo/RS, de propriedade registral de Incorporadora Dwell Construções Ltda., mas de propriedade atribuída a Ângelo Ventura da Silva | 18/07/2023 Decisão liminar (evento 3) | R$ 208.000,00 Laudo em anexo | Até 13/09/2024 Conforme art. 142, parágrafo 2°–A, inciso IV, da Lei n. 11.101/2005 |
| **Imóvel** Imóvel matriculado sob o n. **15.789** do Registro de Imóveis de Novo Hamburgo/RS, de propriedade registral de Jose Leandro Ledur, mas de propriedade atribuída a Ângelo Ventura da Silva | 18/07/2023 Decisão liminar (evento 3) | R$ 960.000,00 Laudo em anexo | Até 13/09/2024 Conforme art. 142, parágrafo 2°–A, inciso IV, da Lei n. 11.101/2005 |

Este documento foi assinado digitalmente por Ieda Maria Monteiro. Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 8A09-67E7-1242-E353.

   

**medeiros²**
administração judicial

N. 1/2024-INDEAL | AÇÃO DE RESPONSABILIDADE

# AUTO DE ARRECADAÇÃO
## Art. 110 da Lei n. 11.101/2005

| ⚖ DESCRIÇÃO DO BEM | 🏛 ARRECADAÇÃO | 📊 AVALIAÇÃO | ⏱ ALIENAÇÃO |
|---|---|---|---|
| **Imóvel**<br>**Unidade 1.302** e respectivas vagas de garagem do empreendimento matriculado sob o n. 52.788 do Registro de Imóveis de Itapema/SC, de propriedade atribuída a Marcos Antônio Fagundes | 18/07/2023<br>Decisão liminar (evento 3) | Pendente<br>Em andamento | Até 13/09/2024<br>Conforme art. 142, parágrafo 2º-A, inciso IV, da Lei n. 11.101/2005 |
| **3.537,21068616 BTC's** indisponibilizados nos EUA na Representação n.º 5031487-27.2019.4.04.7100, de propriedade atribuída a Marcos Antônio Fagundes | 18/07/2023<br>Decisão liminar (evento 3) | Prejudicado | Prejudicado |

Novo Hamburgo/RS, 18 de março de 2024.

**Medeiros Administração Judicial**
Administradora Judicial

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 8A09-67E7-1242-E353.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código 8A09-67E7-1242-E353.

www.administradorjudicial.adv.br

## PROTOCOLO DE ASSINATURA(S)

O documento acima foi proposto para assinatura digital na plataforma Certisign Assinaturas. Para verificar as assinaturas clique no link: https://assinaturas.certisign.com.br/Verificar/8A09-67E7-1242-E353 ou vá até o site https://assinaturas.certisign.com.br e utilize o código abaixo para verificar se este documento é válido.

### Código para verificação: 8A09-67E7-1242-E353



**Hash do Documento**

B1ACAC21A2525BBC75DB7B9C320BED8D5E39BB20C3DBDCAA17F783308CD74C62

O(s) nome(s) indicado(s) para assinatura, bem como seu(s) status em 21/03/2025 é(são) :

☑ Ieda Maria Monteiro - 077.542.738-10  em 21/03/2025 12:19 UTC-03:00
**Tipo:** Certificado Digital

